Sorrell *vs.* Ham and Ham.

---

No. 11.—FRANCIS SORRELL, executor of John B. Gaudry, plaintiff in error, *vs.* MILTON M. HAM and STEPHEN R. HAM, defendants in error.

[1.] An executor may bring ejectment to recover lands, but his right to recover depends upon the will, and that must be produced as part of his title.

[2.] A grant, in letters testamentary, of power to administer the goods and chattels, rights and credits of the testator, gives authority to administer the will also as to real estate.

Ejectment, in Houston Superior Court. Tried before Judge STARK, April Term, 1850.

This was an action of ejectment, brought by the plaintiff in error against the defendant, under the Act of 1847, for the recovery of a tract of land lying in Houston County, and mesne profits.

On the trial in the Court below, the plaintiff introduced in evidence a grant from the State of Georgia to James Gould, and a deed from Gould to John B. Gaudry. The plaintiff then read in evidence his letters testamentary, as follows :—

GEORGIA :

By the Honorable the Court of Ordinary, for the County of Chatham, in the State aforesaid. To all to whom these presents shall come, greeting; Know ye, that on the eleventh day of January, in the year of our Lord, one thousand, eight hundred and forty-seven, the last will and testament of John B. Gaudry, late of said County, in this State, merchant, deceased, was proved, approved and allowed of; the said deceased having, whilst he lived, and at the time of his death, been possessed of divers goods, chattels and credits, within the County and State aforesaid, by means whereof the approbation and allowing of his testament, and the power of granting the administration of all and singular, the goods, chattels and credits of the said deceased, to this Court, is manifestly known to belong; and that the administration of all and singular the goods, chattels and credits of the said deceased, and of his testament, any manner of way concerning, is hereby granted and committed unto Francis Sorrell, named executor in the said last will and testament, being first sworn on the holy Evangelist of Almighty God, well and faithfully to administer, and make a full and perfect inventory of all and singular, the goods, chattels and credits of the said deceased, and to exhibit the same into the Clerk of the Court of Ordinary's office, of the said County, in order to be recorded on or before the thirteenth day of April next ensuing, and to render a just and true account, calculation and reckoning thereof, when thereunto required.

Witness, the Honorable Anthony Porter, one of the said Justices, this the 13th day of January, 1847.

SEABORN GOODALL, C. C. O. C. C. [L. S.]

Sorrell *vs.* Ham and Ham.

The plaintiff proved the *locus* and possession of the defendants, and the value of rent, and closed his case.

Counsel for the defendants moved the Court for a non suit.

Which motion was sustained by the Court, and a non-suit was awarded, " for the reason that these letters testamentary only gave the executor power over the " goods and chattels," " rights and credits," and this action, not being for the recovery of a term or other chattel interest, but being an action for the recovery of real estate and mesne profits.

To which decision, counsel for plaintiff excepted, and has assigned error.

Poe and Nisbet, for plaintiff in error.

Giles, for defendants.

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] The plaintiff brought his action of ejectment for the recovery of land, as executor of the last will and testament of John B. Gaudry.   It was non-suited, on the ground that the plaintiff's letters testamentary only gave him power over the goods and chattels, rights and credits of the testator, and therefore, he could not recover lands.   Whilst we sustain the judgment of the Court, we do not sanction two propositions which seem to have been ruled by the Court.   The first is, that the executor cannot bring ejectment for lands.   We hold that he can, but that his right to recover, depends upon the will.   The right of recovery will depend upon the fact, whether the lands have been bequeathed at all or not—they may not be.   In that event, no right of action passes to the executor, and it may depend upon the character of the bequest of lands in the will.   The will is, therefore, an indispensable part of his title, and must be produced on the trial.   It was not produced, and for that reason we hold that the plaintiff was necessarily non-suited.   On this ground alone, the judgment is affirmed.

[2.] The other proposition is, that the plaintiff is not entitled to recover lands, because the letters empower him to administer

only the *goods and chattels, rights and credits* of the deceased. It'
is not necessary, to enable the executor to administer the real es-
tate, that there should be an express grant of power to that effect
in the letters. It would be better that they contain such a grant;
but under our laws, the right to execute the will, both as to per-
sonalty and realty, follows in the general grant of power to ad-
minister the goods and chattels, rights and credits. *Prince's Dig.*
225, 233, 241. 1 *Kelly,* 540. 3 *Kelly,* 105.

Judgment affirmed.