Harper vs. Smith.

No. 81.—JAMES M. HARPER, administrator, &c. plaintiff in error, vs. LEMUEL SMITH, defendant in error.

[1.] An administrator with the will annexed, has no authority to administer upon any portion of the estate of the testator, not disposed of by the will.

Ejectment, in Crawford Superior Court. Tried before Judge STARK, August Term, 1850.

This was an action of ejectment, instituted by the plaintiff in error, as the administrator, with the will annexed, of Samuel Harper, Sen. against the defendant in error, for the recovery of a lot of land in Crawford County.

The defendant pleaded the general issue and the Statute of Limitations.

On the trial it appeared in evidence, that the land was drawn by Samuel Harper, in 1821, and that in 1828 the same was sold by the (then) Sheriff of Crawford County, under executions against the said Samuel Harper, when the defendant in error became the purchaser, and went forthwith into possession. Samuel Harper departed this life in January, February or March, 1828; and the plaintiff in error sought to show that the judgments upon which the *fi. fas.* were issued, under which the land was sold, were rendered subsequent to the death of Samuel Harper. In relation to this point, however, the evidence was not clear.

The will of Samuel Harper, Sen. attested by only two witnesses, was given in evidence; also the letters of administration, with the will annexed, which had been granted by the Court of Ordinary of Crawford County to the plaintiff.

The Court in substance charged the Jury, that if the judgments against Samuel Harper, Sen. were entered up after his death, or had been paid off before the sale of the land by his widow, (having been rendered before the death of Samuel Harper, Sen.) and Smith, the defendant, *was cognizant of these facts ;* that then his title was defective ; otherwise, he was not to be affected by these irregularities.

The Court also charged the Jury, that the will of plaintiff's testator, being attested by only two witnesses, does not dispose of the land, and that the plaintiff, as administrator with the will annexed, has no right to recover in this action.

The Court farther charged the Jury, that if they believed from the evidence, that the defendant had been in the peaceful and notorious adverse possession of the land, claiming to be owner for seven years next preceding the commencement of this action, (the heirs of Samuel Harper not having been minors, or his widow a married woman during the time,) the plaintiff's right to recover was barred by the Statute of Limitations, and they should find for the defendant.

To which charges of the Court, counsel for plaintiff excepted, and has assigned error.

G. R. HUNTER, for plaintiff in error.

POE & NISBET and HALL & HALL, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] If the plaintiff is not the administrator upon the estate undisposed of by the will of the testator, he cannot maintain this action. Our judgment is, that he is not. As, then, the suit must of necessity go out of Court, we think it unnecessary to discuss any question made but that one. It appears that Samuel Harper died, leaving a will, without appointing any executor, and that the will was attested by two witnesses only. It was proven in 1828. In 1847, application was made to the Court of Ordinary, by the plaintiff, for letters of administration, with the will annexed, and were granted. The order recites the fact, that there was no executor named in the will, that no administration had been taken out on the estate of the testator, and that the plaintiff had applied for letters of administration, *with the will annexed,* and proceeds to appoint him administrator upon the estate of the testator. There being but two witnesses to the will, there was no bequest of the real estate. The plaintiff

brought ejectment for lands which he claims to belong to the estate of the decedent, and insists upon his right to sue by virtue of the grant of letters to him as above stated. It is held by the plaintiff in error, that being appointed by the Ordinary, administrator, with the will annexed, he is thereby administrator upon the undevised real estate of the testator; whereas the defendant holds, that this appointment only authorized him to execute the will of the testator as to the personalty, and that a distinct grant of administration upon the realty could alone authorize him to administer upon that. As before stated, our judgment is with the defendant in error.

It is scarcely questionable, that letters of administration, generally, and with the will annexed, may be granted to the same person, since, by our Statute, he who is entitled to the administration in the one case, is entitled in the other, to wit: the next of kin. *Prince*, 227.

This could not be done, however, upon application for letters with the will annexed alone. Notice for letters general upon the undevised portion of the estate, ought to be given, as in any other case of intestacy. Two points, then, seem to be made in this case. First, did the Court of Ordinary *intend* to grant letters to the plaintiff, upon the estate of the deceased, undevised, to wit: the land? Second, if there is no evidence of such intention, is it legally true, that where letters are granted with the will annexed, the grantee is thereby also clothed with the powers of a general administrator? It is not apparent, from the record of the action of the Ordinary, that they intended to do more than to appoint the plaintiff administrator with the will. It will not answer to *infer* a general grant. An administrator who is limited by the legal character of his trust, cannot be clothed with general powers, by implication. To make him a general, as well as a special representative of the estate, he must be clearly and expressly appointed to both trusts. They are, as we shall see, altogether different. The inference as to the mind of the Ordinary is, that when they appointed him to administer the estate according to the will, they did not intend to appoint him to administer other portions of the estate according to the gene-

ral law regulating the settlement and distribution of intestate's estates. No inference as to such intention can be drawn from the character of the limited administration, but the contrary, for where an agency of any kind is special, that fact excludes the idea of its being at the same time general. The order recites the application to have been for letters, with the will annexed; that there was no objection made, and that the will exhibited no appointment of an executor; that no letters testamentary or of administration had been granted on the estate of the testator, and that the plaintiff had taken the oath, and given the bond required of him. Then follows the judgment of the Court, in these words—" On motion, ordered by the Court, that letters of administration on the estate of the said Samuel Harper, Sen. deceased, do issue to the said James M. Harper, and that this order be entered upon the minutes of the Court." The argument in favor of an intention to grant general letters, is drawn from the generality of the words used in the judgment, to wit: " *letters of administration on the estate* of the said Samuel Harper, Sen. deceased." It is said that these words convey a general grant. So they do, standing alone; but they cannot stand alone. They are to be construed in the light of the recitals—they are to be limited in their meaning by the facts and circumstances of the case. They refer to the fact, that the letters which they award, were asked for with the will annexed—to the fact that there was a will, and that it was imperfect, no executor being appointed. The whole case, as it stood before the Court of Ordinary, is to be regarded in construing the order. Thus regarded, it is palpably plain that the intention was to grant letters with the will annexed, and no more. It is unreasonable to suppose that the Court volunteered to give him anything more than what he asked. I hold, that in no case can the Court of Ordinary grant letters upon an intestate's estate, until all parties in interest are warned by notice. Here, there is no notice of an application for general letters. The notice (if any was given) for special or *limited* letters, cannot, at the same time, be a notice for *general and unlimited* letters. There is good reason for the notice. The persons interested in the undevised estate, are not

necessarily the same with those interested under the will. In the one case the property goes to them by law, in the other it may go to strangers by the will. Whilst, then, they are interested in the granting of letters in the one case, they may be utterly indifferent in the other. If notice be a legal requirement, we are not to presume an intention to grant general letters without it. We are to presume, in favor of a Court having jurisdiction, that it intended to act according to law. The record then shuts the door upon the position, that this plaintiff is the administrator upon the undevised real estate which he has instituted suit to recover, as the property of Samuel Harper, Sen. deceased.

The second point, to wit: that by law the appointment of an administrator, with the will annexed, clothes him also with the powers of a general administrator, is plainly against the plaintiff. In England and here, by Statute, administration with the will annexed, is a limited administration. It is limited by the will. That is the law of the trust. The argument for the plaintiff is, that when an administrator is appointed, he is the representative of the estate, by *virtue of his being the administrator*, and that he is not the less the representative of the whole estate, because he must administer a part of it according to the will, and a part according to the general law of distribution. This is simply begging the question. It really amounts to an assumption that there is no such thing as a limited administration, which we very well know is an error. Both the general and limited administration, that is, with and without the will, are trusts created by law. The latter by the general law, and the former by the Act of 1792. *Prince*, 227. They are distinct—the powers of the trustee are different—the law of their action is different, and their fidelity is secured by different oaths, and their responsibility by a different bond. There are two, and only two contingencies upon which an administrator, with the will annexed, can be appointed. One, where the testator, leaving a will, fails to appoint an executor or administrator, (this case)—the other, where the executors refuse to qualify. *Prince*, 227. This is also the Common Law. Our Statute authorizes the appointment, if the

executor *refuses to qualify*—the Common Law, when the appointment of executors *fails* for any cause. This is the only, if it be any difference. 1 *Williams' Exr.* 309, *et seq.* *Ib.* 145, 146, *and notes.*

The object of the law is, where one dies leaving an imperfect will, to secure the enforcement of that will; and the administration, with the will annexed, comes in in lieu of an executor, with his powers, and his obligations, and his limitations. The rule of the executor's action is the will—so of the administrator with the will annexed. His office differs little from that of an executor. 1 *Williams' Exrs.* 309, 310. 2 *Black. Com.* 505. Can an executor administer upon any estate not bequeathed in the will? In Massachusetts he can *by Statute;* and even under that Statute, it became a doubt whether it was not necessary for him to take out special letters to administer the estate undevised. 6 *Mass.* 151, 152. At Common Law he could not, and his powers in this regard are not enlarged by any Statute in Georgia. If *he* cannot, the administrator with the will annexed cannot, for his powers are those of the executor. In the case before me, the will is good as to the personalty, but void as to the realty. As to the realty, Samuel Harper died intestate. As to that, there is no will. How could an executor touch that real estate, deriving his powers from the will; and how can an administrator, deriving his powers from the will, touch it any more than the executor? As to the realty, our judgment is, that administration can be taken out only in the regular way—that is, as in any other case of intestacy. Our Legislature intended no such thing as that the administrator with the will annexed, should have general powers. This is manifest in the oath which they have prescribed—that is, an oath *well and truly to execute the will.* *Prince,* 227. If the administrator, with the will annexed, is also the general administrator, then is he so without any oath in this latter character, because the oath to execute the will is all the oath which the law requires of him. So his bond is to administer the goods and chattels of the testator, according to law, and pay and deliver all the legacies contained and specified in the will. As general administrator, he would give no bond, for the

bond as administrator, with the will annexed, is all the bond the law requires of him. The obligations of his bond cannot exceed the duties which the law devolves upon him.

Let the judgment be affirmed.