SEABORN L. DEAN, plaintiff in error, vs. LORENZO M. BIG-GERS, defendant in error.

| 27 | 73 |
| 113 | 783 |

D. applies for administration on H's estate. In opposition, a will is produced, but the will does not convey the entire estate of H. and the ordinary grants to D. administration on that part of the estate disposed of by the will. B. resisted before the Ordinary the grant to D., and appealed to the Superior Court, where he moved to dismiss the application of D. for the administration. The Court granted the motion.

*Held*, That, inasmuch as the executor of the will, was not known in the record, or that he had propounded the will, or that he would administer if the will were established, the Court below erred in dismissing the application.

Application for letters of administration, &c., from Harris county. Decision by Judge WORRILL, at October Term 1858.

Seaborn L. Dean applied for letters of administration on the estate of Elizabeth Holcombe, deceased, when a will was produced for probate, and upon proof was admitted to record as the last will and testament of said Elizabeth—G. W. Epps being the executor thereof. An appeal was taken from the judgment of the Ordinary admitting said will to probate, by Dean, a son and heir at law of deceased. The Ordinary appointed Dean administrator *pendente lite,* as to all the estate and property named in the will, and appointed him administrator upon all the estate of deceased not named in said will, from which order Lorenzo M. Biggers appealed.

At the October Term, 1858, of the Superior Court of Harris County, this latter appeal came on to be heard, when Dean moved to dismiss the appeal upon the ground that Biggers had no right to enter an appeal; he being in no way interested in the estate of said Elizabeth Holcombe. The Court refused the motion.

Dean then proved that he was the son and heir at law of decased and a resident of Harris county. That deceased owned property not mentioned or disposed of by the paper purporting to be her will; one or two negroes, carriage and

buggy, household furniture, stock, and that she died in possession of a plantation in said county, using it as her own.

After the close of this testimony, the Court on motion, dismissed Dean's application for letters of administration, and his counsel excepted.

RAMSEY & CARITHERS, for plaintiff in error.

No counsel appeared for Biggers.

*By the Court.*—McDONALD J. delivering the opinion.

In opposition to the application of the plaintiff in error for administration on the estate of Mrs. Holcombe, a will was produced and admitted to probate by the Ordinary, who nevertheless granted administration to Dean on a part of the estate, which did not pass by Mrs. Holcombe's will. G. W. Eppes was named as executor in the will. He does not appear to have been a party in the Court of Ordinary, either in the proceeding to prove the will or to resist the grant of administration to Dean, but Lorenzo M. Biggers alone appeared to contest the grant. He appealed from the decision of the Ordinary making the grant, and on the appeal moved to dismiss the application of the plaintiff for letters of administration. The Court sustained the motion, and to that decision exception was taken.

For the plaintiff in error, it is contended that Biggers is an interloper in the case, without an interest of any kind, and that he ought not to be heard. It seems that his right to appear before the Ordinary was not disputed. He may be a creditor, or he may have shown, if he had been called on at the proper time, a legal right to appear. He ought to have shown his right in the first instance, but as his appearance and opposition was not then objected to, but acquiesced in, it is too late now to question it in the manner that it is met here—by a simple objection that his interest does not appear n the record.

It no where appears in the record that Eppes, the named executor, presented the will for probate, and if he did not, there cannot be the slightest objection to the grant of administration made to the plaintiff in error, and much less to his application for administration. Under a general application for administration a special grant may be made; and if all the property of the testator is not conveyed by the will, there ought to be a special administration as to the part that does not pass by it, if there has been no executor appointed, or if the executor or executors do not qualify. If the executor qualifies, he is entitled to and bound by the strong implication of the statute, to administer on the entire estate, but he is required to hold the undevised real and personal estate in trust for the distributees or next of kin of the deceased testator or testatrix. *Cobb*, 327. An administrator with the will annexed, can have no such authority by the law or the will. He can have it but by grant from the Ordinary only, and that by special grant.

The will in this case has been caveated. If the executor propounded the will and it should be finally established on his qualification, the letters granted to Dean should be superseded, and the executor should administer the entire estate, otherwise the grant should stand.

The Court erred in dismissing the application of plaintiff in error for the administration.

Judgment reversed.