John Venable, plaintiff  in error, vs.  Giles  Mitchell, de-
fendant  in error.

The executor of a will is the proper administrator of the whole estate, as well
of that part of which the will does not dispose, as  of  that disposed  of by the
will.

Appeal from Ordinary, in Jackson Superior Court.    Decis-
ion by Judge Hutchins, at August Term, 1859.

This was an application by the plaintiff in error, for letters
of administration on that portion of the estate of William  D.
Martin, deceased,  contained in the  sixth  clause of the last
will and testament of deceased, and which clause  had been
held and declared void under  the statutes  of the State pro-
hibiting the emancipation of slaves, &c.

The Court of Ordinary ordered the letters to issue, holding
that the deceased died intestate as to the property mentioned
in said sixth clause, and that  the same vested in his heir sat
law, and  did not go to the  residuary  legatee.    From this
judgment the defendant in error, Giles Mitchell, who was
the executor of said will and residuary legatee, appealed, and
the cause coming  on to be heard in the  Superior  Court, on

Venable vs. Mitchell.

the appeal, the presiding Judge of that Court (HUTCHINS) reversed the judgment of the Ordinary, holding that the residuary legatee was entitled to the property contained in said clause, and that there was consequently no estate to be administered.

To this decision Venable, the applicant, excepted and assigns the same as error.

GEO. HILLYER; and AKERMAN, for plaintiff in error.

COBB & LUMPKIN, *contra*.

*By the Court.*—STEPHENS J. delivering the opinion.

This was an application for letters of administration *de bonis non*, founded upon the idea that the executor could not administer intestate estate. We think this idea is a mistake, for by our statute of 1828, (See *Cobb's Digest, p. 327,*) executors are directed to hold the "residuum or *undevised* real or personal estate as trustees for the distributees or next of kin of their deceased testator or testatrix." It is unnecessary to consider whether or not there is any intestacy in this case, for under this statute the executor is the proper administrator of the intestate as well as of the testate estate. There was no use, therefore, for an administrator *de bonis non*, and the application was properly refused.

Judgment affirmed.