LAMAR, administrator, *v.* GARDNER *et al.*

1. A motion to dismiss a writ of error upon the ground that all of the evidence was not brought up in full to this court will not be sustained where it appears that the judgment complained of in the bill of exceptions was the direction of a verdict based on the plaintiff's failure to introduce certain specified evidence.
2. Since the act of 1828, which requires an executor to administer the undevised as well as the devised estate of the testator, and the enlargement of that act by the adoption of the code so as to extend its provisions to an administrator with the will annexed, it is not necessary, in an action by such executor or administrator to recover land as part of the testator's estate, for the plaintiff to introduce the will in evidence in order to show his right to recover or to show that the land sued for was devised in the will. The cases of *Sorrell* v. *Ham*, 9 *Ga.* 55, *Mays* v. *Killen*, 56 *Ga.* 527, and *Horn* v. *Johnson*, 87 *Ga.* 448, reviewed and overruled.
3. It not appearing that the plaintiff in the present suit or those under whom he claims were parties to the former suit in regard to the land involved, it was not error to refuse to admit evidence as to what issues were passed upon in such former suit.

Argued May 7,—Decided July 18, 1901.

Equitable petition. Before Judge Spence. Decatur superior court. November 22, 1900.

*Townsend & Westmoreland*, for plaintiff.
*Bower & Bower*, for defendants.

SIMMONS, C. J. As administrator with the will annexed of the estate of Thomas, Lamar brought suit against G. G. Gardner and

others, the heirs at law of S. E. Gardner, for the recovery of a certain lot of land in the county of Decatur. On the trial of the case the plaintiff introduced in evidence a grant by the State to Thomas, letters of administration cum testamento annexo granted by the ordinary of Hancock county to the plaintiff, and an order of the court of ordinary authorizing him to sell the lands of the estate. He offered also the record of a former suit in ejectment between the heirs of S. E. Gardner (the present defendants) and S. J. and M. A. E. Donalson. In this record was the written charge of the judge in that case. This charge was offered in evidence for the purpose of showing what issues were submitted to the jury in the former suit, the plaintiff contending that the question of title was not submitted, but simply the question of possession. The court refused to admit the charge of the judge in the former case, but admitted the remainder of the record of that case. The plaintiff then closed, and the defendants moved the court to direct a verdict in their favor, on the ground that the plaintiff had failed to introduce the will of his testator. The court granted the motion and directed a verdict for the defendants, holding that "plaintiff could not recover in the absence of the will of his testator." The plaintiff filed a bill of exceptions in which he alleged that the court erred, in directing a verdict on the ground that the will had not been introduced, and in excluding the charge of the court in the former case.

1. When this case came on for argument in this court the defendants in error moved to dismiss the writ of error, on the ground that the plaintiff had not brought to this court all of the evidence introduced in the trial below, and that the record of the former suit was not set out with sufficient fullness to enable this court to determine its weight and effect in the present case. We think, under the facts appearing in the record, that the ground is not well taken. The gist of the complaint of the plaintiff in error is the direction of a verdict against him on the ground that he can not recover without the introduction of the will of his testator. This error is plainly and distinctly alleged in the bill of exceptions. It was, therefore, unnecessary for him to set out in full the evidence introduced on the trial. Such evidence would not illustrate the question made. Instead of dismissing the writ of error, we commend counsel for the plaintiff in error for adhering so strictly to the spirit of the law prescribing the mode and manner of bringing cases to this court. The

record of the former suit between different parties could in no manner have aided us in deciding the real point made in the bill of exceptions. If other counsel would follow this example, it would relieve this court of many hours of needless labor. The cases cited by the defendants in error on the motion to dismiss are cases in which the complaint was of the direction of a verdict generally. In such a case it is necessary to bring up all of the evidence, in order for this court to determine whether there is any view of the case in which the direction of a verdict is proper. In the present case, however, the verdict was directed upon a special ground which presents a clean-cut question of law on which the evidence could throw no light.

2. This question of law is whether an executor or administrator with the will annexed can, since the passage of the act of 1828 and the adoption of the code, recover land belonging to the estate of the testator, without introducing the will in evidence. When we met in consultation after this case had been argued, we found two lines of decisions made by this court with reference to the right of the executor to administer upon the undevised property of the testator. In the case of *Sorrell* v. *Ham*, 9 *Ga.* 55, it was distinctly and expressly ruled, Judge Nisbet speaking for the court, that an executor could not administer the undevised property of the testator, and that he could not recover in any suit for lands of the estate without introducing the will in evidence. In the case of *Harper* v. *Smith*, 9 *Ga.* 461, Judge Nisbet said (p. 466) that there was in this State no statute authorizing an executor to administer upon the undevised property of his testator. In the case of *Dean* v. *Biggers*, 27 *Ga.* 73, Judge McDonald said that an executor was authorized to administer the entire estate of the testator, devised and undevised, and referred to the act of 1828, Cobb's Dig. 327. In *Venable* v. *Mitchell*, 29 *Ga.* 566, it was held, Judge Stephens delivering the opinion, that there was no use for the appointment of an administrator upon the undevised property of one dying testate, because under the act of 1828 it was the duty of the executor to administer upon the whole estate. It is curious that so able and painstaking a judge as we know Judge Nisbet to have been should have failed to notice the act of 1828 at a time when it had been in force for more than twenty years. He was discussing, in *Sorrell* v. *Ham* and in *Harper* v. *Smith*, the powers of the executor to recover

and administer upon undevised realty, and the act of 1828 especially directs executors to administer such realty, and, as it then stood, to hold the proceeds as trustee.   On the other hand, Judges McDonald and Stephens based their opinions upon that act.   In order to make the decisions of this court consistent on this subject, we ordered a reargument of this case, and gave permission to the plaintiff in error to review the cases of *Sorrell* v. *Ham*, supra, *Mays* v. *Killen*, 56 *Ga.* 527, and *Horn* v. *Johnson*, 87 *Ga.* 448.   The case of *Mays* v. *Killen* was put squarely upon the case of *Sorrell* v. *Ham*, and the case of *Horn* v. *Johnson*, by two Justices, upon *Sorrell* v. *Ham* and *Mays* v. *Killen*.   After carefully considering the question, we think these cases should be overruled.   They are evidently in conflict with the act of 1828.   That act provided that an executor should administer the undevised real and personal estate of the testator and hold it as trustee for the distributees or next of kin. See Cobb's Dig. 327.   It will be observed, however, that the act does not apply to administrators with the will annexed, but the codifiers of the Code of 1863, seeing this lapsus in the law, changed the act so as to make it apply to both executors and administrators with the will annexed.   In that code it appeared as follows: "In every case the executor or administrator with the will annexed shall be entitled to possess and administer the entire estate, although any part thereof be undevised, holding the residuum, after payments of debts and legacies, for distribution according to the laws of this State."   Code of 1863, § 2414.   This change put executors and administrators with the will annexed upon the same footing as to the right to administer the undevised property, and the code also changed somewhat the disposition to be made of the proceeds of such property.   This section of the code of 1863 has been adopted in each subsequent code, including that of 1895. Civil Code, § 3313.   An administrator with the will annexed can now, under this section of the code, sue for and recover not only the devised property of the testator but the undevised property as well.   If this be true, what is the necessity for compelling him to introduce the will in evidence before he can recover ? Judge Nisbet said, in *Sorrell* v. *Ham*, that the will was the executor's title, and that he could recover no property except such as was devised in the will.   If it were absolutely necessary that the will should be introduced and should devise the property sued for before an execu-

tor could recover, how could he ever recover undevised lands for administration? Under the ruling in *Sorrell* v. *Ham* he could never recover them; yet the code makes it his duty to administer the entire estate, including such undevised lands. The principle announced in *Sorrell* v. *Ham* was undoubtedly the common law, but the legislature of this State saw proper, in its wisdom, to change the law, and, instead of having an executor to administer the devised property and an administrator to administer the undevised property, placed the administration of all of the testator's property in the hands of the same personal representative. The case of *Harper* v. *Smith*, 9 *Ga.* 461, was properly decided as the law then stood. That was a suit by an administrator with the will annexed to recover land as the property of the estate. As we have seen, the act of 1828 did not give to administrators with the will annexed the powers it gave to executors. These powers were conferred upon such administrators by the adoption of the Code of 1863. The ruling in that case was law until the adoption of the code, which changed the law as above indicated. The cases of *Sorrell* v. *Ham*, *Mays* v. *Killen*, and *Horn* v. *Johnson*, having been based upon the common law, and the statute having been overlooked in their decision, were wrongly decided, and are, therefore, now overruled.

3. The next complaint made in the bill of exceptions is that the trial judge excluded from evidence the written charge of the court in the case theretofore tried between the heirs of Gardner and S. J. and M. A. E. Donalson, concerning this same land, in which the former obtained a verdict and judgment. The doctrine of res judicata applies only between the same parties and their privies. While the record shows that there was a judgment in the suit between the Gardners and the Donalsons, it does not show that the present plaintiff was a party thereto or that he is a privy of any of the parties. The Donalsons may have lost the land because the Gardners had a title better than theirs, but still the judgment could not possibly bind Lamar unless he was in privity with one of the parties to it. If he has a separate and independent title, the judgment can not bind him as to such title. The fact that he convinced the Donalsons, pending the former suit, that his was the better title, and that they surrendered possession of the land to him at a time subsequent to the rendition of the verdict in the former suit, does not, in our opinion, make him a privy of the Donalsons.

Nor was he bound by the judgment because they claimed the land under his testator.   See, on this subject, an able and learned discussion by the distinguished East Indian author, Hukm Chand, in his work on Res Judicata, p. 183 et seq.   Thus it does not appear that the record of the former suit was in any way relevant in the present case, and there was, therefore, no error in excluding any portion of it from evidence.

*Judgment reversed.    All the Justices concurring, except Cobb, J., who was disqualified.*