No. 67.—The Justices of the Inferior Court of Scriven County, for the use, &c. *vs.* Azariah Ennis.

[1.] The bond of a constable, made with one security, instead of two, as directed by Statute; *Held,* to be a good voluntary bond, by the Common Law.
Whether good as a statutory bond—*Query?*

Motion in arrest of judgment, in Scriven Superior Court, decided by Judge Holt, October Term, 1848.

Suit was commenced, and a verdict rendered in favor of the Justices &c. for the use of James B. Dill, against Azariah Ennis, as surety, in the following bond :

"Georgia, Scriven County.

Know all men by these presents, that we, William H. Bryan and Azariah Ennis, are held and bound unto the Justices of the Inferior Court of said county, in the just and full sum of five hundred dollars, for which we bind ourselves, our heirs, and our executors and administrators, severally and jointly.    Now the above bonds are such, that if the said William H. Bryan do faithfully do and discharge the duties required of him, as constable for said county, and faithfully discharge the same, the above bond to be null and void ; otherwise to remain in full force and virtue.
Signed and sealed in presence of,    } William H. Bryan,
      this 8th day of Jan. 1839.      {    Azariah Ennis.
            Lewis Lewis, j. p.         )

On motion, the Court below arrested the judgment, on the ground that the said bond is null and void.

To this decision plaintiffs excepted.

M. MARSH, for plaintiffs in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The question made in this case, occurred on a motion to arrest the judgment. The declaration on the bond, charges that Bryan gave the bond sued on as constable, that he entered upon the duties of his office, and as constable, made default. For this default, which is specially set forth, the surety, who is defendant in error, is sought to be made liable. The Court below arrested the judgment, upon the ground that the bond upon which the action is founded, is void, because not in terms of the Statute. The Act of 1818, (*Prince*,) 509, under which it was taken, requires that constables shall give bond, with *two* or *more* securities. This bond was made with *one* security only, and in that, the non-conformity is said to consist. There may be some doubt whether this bond is not a good statutory bond. The Act of 1818, does not, nor does any other Act in relation to constables' bonds, declare the form of the bond, or say that any bond not taken in conformity with the provisions of the law shall be void. That being the case, the rule is well settled, that so far as the bond complies with the Act, it is good as a statutory bond. The objection to this bond, is not that it exceeds what the Statute requires, but falls short of it. It was a better objection in the mouth of the public, whose interests are to be protected by the bond of the officer. So far as it is in compliance with the Act, it would seem to be good, and it complies in part with its requirements. There is one view of it, however, that sustains the idea of its invalidity as a statutory bond. The sureties are entitled to contribution. The Statute requiring two, confers a right upon each surety, that is, the right of having a co-surety, to share final losses with him. By taking only one security, this right is defeated. The objection has force in the mouth of the *one* surety, who is to be charged with this default. Be this as it may, our judgment is, that the bond is good as a voluntary bond, by the Common Law. It was executed by Bryan and the defendant; duly delivered to the

persons authorized to take it; Bryan entered upon the duties of his office, and in that office made default.    All these things are set forth in the declaration, and the verdict of the jury finds them to be true.    According to the principles settled by this Court, in the two cases of *Stephens et al. vs. Geo. W. Crawford, for the use of Ward*, 1 *Kelly*, 574, *and Stephens et al. vs. Geo. W. Crawford, use of Breedlove*, 3 *Kelly*, 499, this is a good bond at Common Law.    As those principles are fully discussed in those cases, I will not travel over the same ground here.

Let the judgment of the Court below be reversed.