Rutherford *vs.* The Executive Committee Baptist Convention of Georgia.

No. 10.—WILLIAMS RUTHERFORD, Sr. plaintiff in error, *vs.* THE EXECUTIVE COMMITTEE OF THE BAPTIST CONVENTION OF THE STATE OF GEORGIA, for the benefit of the Mercer University.

[1.] An instrument, under the hand and seal of the party executing it, imports a consideration in law, and a demurrer to the admissibility of such an instrument in evidence, for *want of consideration*, will be overruled.

Debt, in Monroe Superior Court. Tried before Judge STARK, March Term, 1850.

The defendant in error brought an action of debt against the plaintiff in error, upon the following instrument : " In consideration of the importance of literary and religious institutions to the wellbeing of society, I hereby promise to pay to the treasurer of the Georgia Baptist Convention, or bearer, for the benefit of the Mercer University, the following sums, to-wit : Fifty dollars on the 1st of January, 1839 ; fifty dollars on the 1st of January, 1840 ; fifty dollars on the 1st of January, 1841 ; fifty dollars on the 1st of January, 1842 ; fifty dollars on the 1st of January, 1843 ; for the faithful payment of which sums, I hereby bind myself, my heirs and assigns." Witness my hand and seal, this 3d day of April, 1838.

Signed      WILLIAMS RUTHERFORD, [L. S.]

The two first instalments had been paid by the defendant.

To this action, the defendant filed the plea of the want of consideration. On the trial of the cause, the counsel for defendant objected to plaintiff's giving in evidence the instrument sued on, " on the ground that the paper, on its face, was void as a contract at law, for want of a legal consideration to support it."

The Court overruled the objection, and counsel for defendant excepted.

HAMMOND, for plaintiff in error.

PINCKARD, for defendant in error.

Sorrell *vs.* Ham and Ham.

*By the Court.—* WARNER, J. delivering the opinion.

[1.] The defendant in the Court below demurred to the instrument declared on, when offered in evidence, upon the ground that it was void as a contract in law, for want of a *legal consideration* to support it. The Court overruled the demurrer, and the defendant excepted, and now assigns the same for error here.

The instrument set forth in the record is executed under the hand and *seal* of the defendant, and necessarily imports a consideration. In the case of a *specialty,* no consideration is necessary to give it validity, even in a Court of Equity. *Chitty on Contracts, page* 2. *Chitty on Bills,* 8. *Fallowes vs. Taylor,* 7 *Term Rep.* 473. But it is said this rule is merely *technical.* Admit it to be so, yet, we have no disposition to alter it, even had we the power to aid this defendant in making, what appears to us on the face of this record, to be an unjust defence against the payment of the plaintiff's demand.

Let the judgment of the Court below be affirmed.