No. 74.—THE JUSTICES OF THE INFERIOR COURT of Lee County, plaintiffs in error, *vs.* B. G. SMITH and Z. JACKSON, defendants in error.

[1.] It would seem that the Justices of the Inferior Court, being agents and trustees in the County of which they are officers, for the control and management of the County interests, of the County funds, and especially of the poor school fund for the County : and being, as it were, collectively a corporation with limited powers, are authorized and empowered to appoint a clerk and treasurer for the keeping and proper application of the poor school fund ; to take from him bond and security for the faithful performance of his duties, and to bring suit upon breaches of said bond.

[2.] By the Act of December 10th, 1843, the Inferior Court is empowered to appoint some person as clerk and treasurer (or by any other name) whose duty it shall be to receive and properly apply the poor school fund, and to take from him bond and security for the faithful performance of his duties. A failure on the part of such person so appointed, properly to account with the Court, or to pay over to their agents, or to his successor in office, when directed by them, will amount to a breach of said bond, constituting a good cause of action.

[3.] Though the Act makes no provision for compensation to such officer, as a consideration for said bond, yet, that being a specialty, the seal imports a consideration, and the obligees cannot be permitted to deny it.

[4.] If the principal in said bond depart this life, pending the suit, his death may be suggested on the record, and the case proceed against the other defendants.

Debt on bond, in Lee Superior Court. Tried before Judge PERKINS, May Term, 1853.

This was an action of debt, upon the following bond:

"GEORGIA, Lee County:

Know all men by these presents, that we, James A. H. Macon, and Britton G. Smith, and Zadock Jackson, are held and firmly bound unto Ashly Philips, Griffin Smith, George C. Ticknor, Bennett H. Ely and Edward V. Munroe, Justices of the Inferior Court of said County, for the time being, and their' successors in office, in the penal sum of fifteen hundred dollars, for the payment whereof, we bind ourselves and heirs, executors and administrators, jointly and severally, firmly by these presents, sealed with our seals, and dated August 25th, 1845.

The condition of the above bond is such, that whereas the said James A. H. Macon, hath been appointed Clerk and Treasurer of the poor school fund of said County. Now, if the said James A. H. Macon should faithfully perform his duties of his office and appointment, then the above bond to be void, else to remain in full force.

JAMES A. H. MACON, [L.S.]

B. G. SMITH, [L.S.]

ZADOCK JACKSON, [L.S.]

The cause came on to be tried on the appeal—James A. H. Macon, the principal, having since the commencement of the suit, departed this life; when counsel for the defendants moved the Court for a nonsuit.

The Court sustained the motion and awarded the nonsuit, upon the ground that there was no sufficient cause of action set forth in plaintiff's declaration—the bond sued on, being illegal and void.

To which decision, counsel for plaintiffs excepted.

Lyon and Clark, for plaintiffs in error.

Hawkins and Vason, for defendants in error.

*By the Court.*—STARNES, J. delivering the opinion.

Error is assigned in this case, because the Court decided that the plaintiffs had no sufficient cause of action, inasmuch as the bond on which they brought suit, was illegal and void.

We are of the opinion, that it is a valid bond, for the following reasons:

[1.] The Justices of the Inferior Court are the agents and trustees for the control and management of various public interests in the County of which they are officers. Among these, are the funds for the education of the poor.

For the purposes of this agency, as this Court has held in the case of *The Justices of the Inferior Court of Pike County, vs. The Plank Road Company,* (9 *Ga. R.* 485,) they are collectively, a corporation with limited powers. As such, it would seem a fair and legitimate inference, that in managing these funds, which they are required by law to receive and disburse by their agents, they have authority to require a bond from any one, as a condition on which they entrust such, their agent, with the management and disbursement of the fund. And also, that as such agent, in their *quasi* corporate character, they have the right to bring suit upon such bond, in case of breach thereof.

[2.] We think, however, that authority to take, and sue upon such bond, is more plainly to be derived from the special legislation on the subject of the poor school fund.

It is true, that the Act of December 10th, 1840, authorizing the appointment of commissioners by the Inferior Court, who should have authority to appoint a Clerk and Treasurer for this fund, with compensation, and requiring that officer to give bond for the faithful performance of his duties is, (at least so far as such appointment of commissioners and Clerk and Treasurer is concerned,) repealed by the Act of December 27th, 1843. But that Act of 1843, still treats the Inferior Court as the primary custodians of the poor school fund; authorizes them to receive the fund intended for this purpose from all sources; to levy and collect an extra tax for the pur-

The Justices of the Inferior Court *vs.* Smith and another.

poses of this fund," to appoint commissioners, or *such other persons as they may deem proper*, to superintend the proper application of the fund, and the education of the poor ; and to *pass and enforce such rules and regulations as they may deem best calculated to promote the objects of this Act."* *Hotchk.* 185.

Here is still to be found direct and express authority to the Court from the Legislature to appoint some person who shall make " proper application of the fund," and who consequently shall receive and disburse the same.   It cannot matter by what name such person shall be called ; and the appointment is not vitiated by his being called Clerk and Treasurer.   This, indeed, would seem the most appropriate appellation.

Though there is no express authority in this Act to require bond of such person thus appointed, yet, there is implied authority ; because there is authority to pass and enforce such rules and regulations as may be best calculated to promote the objects of the Act.   Such a grant must be liberally construed ; and if, under and by virtue of it, the Court has, as a regulation—and finding what they have done within the scope of this authority, we must presume that it was done in pursuance of it—required bond and security of the person appointed, for the faithful performance of his duties, such bond is certainly taken by authority of law, and the breach of it constitutes a good cause of action.

The faithful performance of duty which such person undertakes, is that contemplated by the Act—the safe custody and proper application of the fund ; and a failure properly to account with the Court for the same, or to pay over the same when directed by them, to their agents, or his successor in office, will constitute a breach of the bond.

[3.] It is true, that the Act of 1843 allows no compensation as a consideration to the person giving such bond.   But the seal imports a consideration ; and if the obligees had pleaded a want of consideration, such plea would have been held bad upon demurrer.   *Rutherford vs. The Ex. Com. Bap. Con. &c.* 9 *Ga. R.* 54.

[4.] In the argument, our attention was called to the fact, that James A. H. Macon, the principal in this bond, had departed this life since the commencement of the suit.

This fact cannot influence the direction which we feel it our duty to give this case. It comes to us upon demurrer to the sufficiency of the cause of action only, and before it has gone to final trial. If before that trial, as the action survives against the other defendants, the death of this co-defendant be suggested upon the record, by the law of force in our State (8 *and* 9 *Wm.* III. *ch.* 9. §8, *Schley's Dig.* 290. *Hotchk.* 549) the suit may proceed against the surviving defendants.

Let the judgment be reversed.