No. 88.—DANIEL J. BRUTON, plaintiff in error, *vs.* THOMAS J. WOOTEN, defendant in error.

[1.] Every release must be founded on some consideration; otherwise, fraud will be presumed.

[2.] *Semble*, that the seal does not, necessarily, import a consideration, when the release is relied upon, by way of plea in Chancery, but the consideration must be set out, and its fairness averred.

[3.] At all events, when the instrument sets forth a consideration, the seal cannot import a consideration different therefrom.

[4.] The delivery, by an executor to a legatee, of certain slaves, to which he was entitled under the testator's will, cannot constitute a legal consideration for a release of all other demands, and especially of hire due for them by the executor.

[5.] The doctrine has been recognized and sustained, in many modern cases, that where there is a particular recital in a deed, and general words follow, the latter shall be qualified by the particular recital.

In Equity, in Decatur Superior Court.   Decision by JUDGE PERKINS, April Term, 1854

Thomas J. Wooten filed a bill against the executor of Aquilla Bruton, for an account, for the hire of certain negro slaves, bequeathed by the will of the said Aquilla to the complainant, to be delivered on his arrival at age.   The defendant pleaded in bar, a release, whereby the complainant, in consideration of the delivery, to him, of the bequeathed slaves, "acquitted and released the executor from all and any other responsibility to him, henceforth and forever."   Upon the argument of the sufficiency of the plea, the Court held the same to be insufficient.

Bruton *vs.* Wooten.

This decision is assigned as error.

SULLIVAN, for plaintiff in error.

McCAY, for defendant.

*By the Court.*—STARNES, J., delivering the opinion.

This plea, which sets forth a release, cannot have the effect that is claimed for it by the plaintiff in error, because it does not show that the release is founded on a sufficient consideration.

[1.] Every release must be founded on some consideration, otherwise fraud must be presumed. *Lord. Ch. Bar. Gilbert, For Rom.* 57. *Lord Redesdale in Roche vs. Morgell,* (2 *Sch. & Lef.* 727.)

[2.] It seems that the seal does not necessarily import a consideration, when such an instrument is relied on, by way of plea in Chancery; but the consideration must be set out, and its fairness averred by the plea. *Roche vs. Morgell,* (2. *Sch. & Lef.* 728.)

[3.] Whether this be so or not, where the instrument sets forth a consideration, the seal certainly cannot import a consideration different from that which is expressed. And in the release relied upon here, the consideration is set forth, as the delivery to the defendant in error, (the legatee under the will of Aquilla Bruton,) of negroes which had been bequeathed to him, with their increase.

[4.] The consideration, then, on which the instrument rested, was the delivery, to him, of that to which he was already, by law, entitled, according to the record before us; and it could constitute no consideration for the hire due on account of these slaves, if there were hire due. Whether or not, under the terms of this will, the executor was responsible for hire for these negroes, from the date of testator's death until the delivery to the defendant, we do not decide, inasmuch as we have not been called on for an opinion upon this point; and we are

Bruton *vs.* Wooten.

informed that it has been decided, upon demurrer, from which there has been no appeal.

[5.] The above considerations render it unneccessary to discuss, at any length, the principle, that a particular recital in a deed qualifies general words which follow. This is a correct rule, and is intended to apply where the particular recital in a release, for example, is in the nature of an acknowledgment of payment, or a receipt for money, or other thing, (without a specific statement that it is to constitute the consideration for the release,) followed by a general release of all demands, &c. In such case, as where one acknowledges the receipt of 10 *l.* of another, (the old and familiar example adjudged in 5 *Jac.* 1, *B. R.* 3 *Mod.* 277. *Bacon Abr. Art. Release K.* and releases and acquits him of all demands, &c. the particular recital qualifies the general, and nothing is discharged but the 10 *l.* This doctrine has been recognized and sustained in many modern cases.

In the case at bar, the receipt of the thing delivered, is explicitly stated to be the consideration for the release of all demands, and there is no necessity for resort to the above rule of construction.

Plainly, therefore, it results, that by the terms of the instrument, itself, there was no legal consideration moving to the legatee, for this general release of the executor from all responsibility ; and the plea was, on this account, insufficient.

Judgment affirmed.