BALL, ex'r and adm'r *vs.* WALLACE and WIFE.

1. The plaintiffs were the co-heirs, or distributees, and their representatives of the grantor, who had died leaving no children. *Held :* That. the paper was a gift by the grantor to those persons, who, like himself,. were heirs to his father, reserving a life-estate in the property himself; the estate created, subject to be defeated by the death of grantor leaving, at his death, child or children surviving him.

2. When a deed of gift contains grantees so designated or plainly referred to as to be easily ascertained, a subject-matter, and a time when the gift is to take effect, there is sufficient certainty to require the Court to give it effect.

3. A gift, although voluntary, is good, and may be enforced, if it is an executed and not a mere executory one.

4. No particular form of words is necessary to make a conveyance ; so that the words used indicate an intention to convey it, is sufficient.

Trover, in Sumter Superior Court. Tried before Judge ALLEN, at the October Term, 1860.

James Ball, as the administrator of James Gray, and Seaborn Gray, and as executor of Sarah Powell, brought an action of trover against Cargil Wallace, and his wife, Mary Wallace, to recover damages for the alleged conversion by the defendants of a negro named Peter.

On the trial of the case, the plaintiff proved that the defendant, Mary Wallace, was the widow of Samuel Gray, deceased, and that she intermarried with the defendant, Cargil Wallace; that Samuel Gray died about the first of January, 1858, leaving no child or children, and that he had no child or children in his life time; that said Samuel Gray was the son of James Gray, of Warren county, deceased, and brother to the testator and intestates of the plaintiff, and that said intestates, testator, and Samuel Gray, were all the heirs of James Gray at the time of his death; that the negro boy, Peter, was worth $700 00, and was worth, for hire, $150 00, and was hired out for that sum by the defendant, in the year 1859; that Samuel Gray, since 1840, has not been of strong mind, and from 1850, up to the time of his death, he drank a great deal of whisky, and his mind grew weaker and weaker, until he died.

Ball, ex'r, *vs.* Wallace and Wife.

The plaintiff also offered in evidence a paper, duly attested by two witnesses, one of whom was a Justice of the Peace, and which was recorded in the Clerk's office of the Superior Court of Warren county, Georgia, on the 22d of June, 1822, and of which the following is a copy:

"GEORGIA, WARREN COUNTY,
"October, 19th, 1819.

"Received one negro boy, named Peter, valued at seven hundred dollars, the same being a part of my proportionable part of my father's estate. Given under my hand, the day and year above written. And the boy for which I have given this receipt, if I should die without child or children, is to return to the other heirs.

"SAMUEL GRAY."

Upon objection being made thereto, the presiding Judge repelled the said paper as evidence, on the ground that the same was uncertain, voluntary, and contained no words of conveyance, and then awarded a non-suit against the plaintiff.

This decision is the error alleged in the records in this case.

WILLIS A. HAWKINS for plaintiff in error.

B. HILL, (representing McCay), for defendant in error.

*By the Court*—LYON, J., delivering the opinion.

Some of the well settled rules for the exposition of deeds and other writings are, that the constructions ought to be as favorable and as near the apparent intent of the parties as possibly may be, and as the law will permit; that too much regard is not to be had to the natural and proper signification of words and sentences, to prevent the simple intention of the parties from taking effect; for that the law is not nice in grants, and, therefore, it doth often transpose words contrary to their order to bring them to the intent of the parties. Willes Rep., 332; Shep. Touch., 88. That all the words of the deed, in construction, be taken most strongly against him who doth speak them, and most in advantage of the other party. Shep. Touch., 87. That the grantee be sufficiently named, or, at the least, set forth and distinguished by some

circumstantial matter. *Ib.*, 235. *Dedi et concessi* be the most apt words for all kinds of grants, yet, it may be by other words and the grant as good as those words—no formal words are necessary. *Ib.*, 232. That the judges ought to be curious and subtile to invent reasons, and make acts effectual according to the just intent of the parties. Willes Rep., 684.

1. Looking at this paper, then, in the sense of these authorities and rules, with a view to give effect to the intention of the grantor, if it can be done consistently with the law, we are constrained to the conclusion that it was the intention of Samuel Gray, the maker, to vest the title to this negro, by this paper, in his co-heirs at law of his father, who, like himself, took distributive shares of that estate, in case he died without child or children. In other words, it was a gift to the persons answering that description, reserving a life-estate in himself, subject to be defeated by his leaving child or children at his death. Whatever may have been the inducement to such agreement or gift; whether on account of a general agreement for distribution of the estate of the father by all the heirs, on these conditions, or whether the property of the estate for distribution was subject to such a limitation, or whether he was moved thereto by his mere volition, is wholly immaterial. That, to our mind, is the intention manifested by this instrument, the grantor using the words " to return to " in the sense of *to vest in*, as the simplest mode of expressing his purpose and effecting his intention, and as there is nothing in this intention inconsistent with the rules of law, the Court must give effect thereto.

The Court below ruled out the paper as evidence of title in the plaintiff, and awarded a non-suit on three grounds:

2.—1. That the paper was uncertain; why, we cannot see. There is a grantor; grantees plainly referred to, and designated so that they are easily ascertained, a subject matter of gift, and a time when the gift was to take effect in the grantees.

3.—2. That it was voluntary. Concede that this is so; still, the gift is good. This is not an executory agreement, in

which a mere intention is expressed to make the gift, but an executed one, that vests the title, and nothing more remains to be done to complete it.

4.—3. That the paper contains no words of conveyance. We have already seen that no particular form of words of conveyance is necessary, so that the words used indicate an intention to convey, and that the words in this paper are sufficient for that purpose; for these reasons, we think the Court below erred in rejecting the paper tendered as evidence of title in the plaintiff, and in granting a non-suit.

Judgment reversed.