## BEAZLEY *vs.* GIGNILLIAT, assignee.

1. Where, to an action on a note, defendant pleaded that it was *nudum pactum*, in that a former note of the same maker to the same payee had been paid in Confederate money, that after such money proved worthless, defendant thought it hard for said payee to lose, and for that reason made the note sued on and delivered it to him as a gift, such plea should not have been stricken on demurrer.
2. A plea that the note had been paid, in that the defendant, by agreement with the payee to receive the same in full satisfaction of the debt, had purchased a note made by such payee, was bad in not stating what the agreement was, or that the purchase would not otherwise have been made.

Promissory notes. Contracts. Pleadings. Before Judge BARTLETT. Greene Superior Court. March Term, 1878.

Beazley was the maker of the note sued on, and W. A. Beazley its payee; Gignilliat sued as assignee of W. A. Beazley. For the other facts, see the decision.

JOHN C. REED, for plaintiff in error, cited as follows: Plea of *nudum pactum*, Code, §2739; Story on Prom. Notes, §184. On second plea, Code, §§2882, 2878, 2881.

M. W. LEWIS & SON, for defendant, cited as follows: On consideration, Code, §2741; 12 *Ga.*, 342. On second plea, Code, §§2878, 2881; 13 *Ga.*, 407; 55 *Ib.*, 240.

WARNER, Chief Justice.

The plaintiff, as assignee, sued the defendant on a promissory note executed by him under his hand and seal, dated the third day of April, 1871, whereby he promised to pay Wm. A. Beazley, his heirs, or assigns, on demand, the sum of $1,500.00, for value received, in current money. The defendant filed certain pleas, hereinafter set forth, which were demurred to by the plaintiff, which demurrer was sustained and the pleas stricken. The jury found a verdict for the plaintiff, and the defendant made a motion for a

new trial on the ground that the court erred in sustaining the plaintiff's demurrer to the defendant's pleas and striking the same, which motion was overruled, and the defendant excepted.

It was agreed between the parties, that the defendant might introduce any evidence that would be legal evidence if the note declared on had been sued by the payee of the same. The pleas filed by the defendant were as follows :

1. "The defendant was surety of one Edmund Beazley to the payee of the note in suit, to-wit : the said William A. Beazley, on an *ante-bellum* promissory note, and the defendant paid the note last aforesaid, in 1863, in Confederate money, which money said payee received willingly and with full knowledge of his right to decline the same, and said *ante-bellum* note was accordingly canceled ; said payee, after the close of the late war, told the defendant it was a hard case upon him, the said payee, that he had taken such money in payment as aforesaid, but said payee did not claim that he had any right in law or morals to receive anything more of the defendant, and because he said it was a hard case as above narrated, this defendant, not believing he was under any moral or legal obligation to do so, made and delivered to said payee the note in suit at its date, as a gift, and the same was received as only a gift by said payee, and said note declared on is therefore a nude pact.

2. " According to a previously made agreement of said payee with this defendant to receive the same in full satisfaction of the note in suit, the defendant in a few days after said agreement was made, and before the suit was brought, purchased of its payee then owning the same, a note, a copy of which is substantially as follows :

' One day after date I promise to pay Charles A. Beazley, or bearer, $675.00, for value received.

WILLIAM A. BEAZLEY.'

' This January 12, 1874.'

"Whereby said note in suit is paid, or the defendant holds said $675.00 note as a valid demand against the estate of the

said William A. Beazley, who is now deceased, said estate really owning the note in suit, which said $675.00 note the defendant herein sets off against the plaintiff's demand declared upon."

1. The sustaining the plaintiff's general demurrer to the defendant's first plea and ordering the same to be stricken, was error. Assuming the allegations in the defendant's plea to be true, the note was a nude pact, and without consideration. *Albertson vs. Holloway,* 16 *Ga.,* 377.

2. There was no error in sustaining the demurrer to the defendant's second plea, inasmuch as it does not set forth what the agreement was in relation to the purchase of the $675.00 note, and does not allege that he would not have purchased said note but for that alleged agreement, whatever it may have been.

Let the judgment of the court below be reversed.