## MONROE *v.* MARTIN, executor.

1. A written agreement made by the payee of a promissory note with the maker thereof, evidencing a part of the contract between them, stipulating that the maker is never to be sued on the note, relieves the maker from all liability upon the note; and a subsequent voluntary promise of the maker to pay the note, made without consideration, to the executor of the payee, is a nudum pactum and not enforceable.

2. Where a bill of exceptions is sued out to the overruling of a motion for new trial, only the evidence as contained in the approved brief of the evidence can be brought to this court, and a new and distinct compendium of the evidence can not be legally incorporated in the bill of exceptions. Whether the brief of evidence which was approved and filed as part of the motion for new trial and duly certified to this court was in strict conformity with the rule upon the subject of preparation of briefs of evidence it is unnecessary to decide, as a consideration of the evidence is not necessary for the decision of the point of law ruled in the previous headnote.

DECEMBER 15, 1911.

Complaint. Before Judge Frank Park. Calhoun superior court. August 20, 1910.

*J. L. Boynton* and *Calhoun & Rambo,* for plaintiff in error.

*W. D. Sheffield* and *J. R. Pottle,* contra.

EVANS, P. J. The nature of this action and the pleadings are amply stated in the opinion of the court rendered when the case was formerly before the court. *Martin* v. *Monroe,* 107 *Ga.* 330 (33 S. E. 62). The suit was on a promissory note, brought by the executor of the payee against the maker, who pleaded a contemporaneous written agreement between himself and the payee, containing a covenant never to sue on the note. This court held, on the occasion referred to, that "A written agreement made by the payee of a promissory note with the maker thereof, contemporaneously with the execution and delivery of the note to the former, and evidencing a part of the contract then entered into between the parties, stipulating that the maker ' is not to be sued on said note, and it is entirely discretionary with him whether he ever pays said note or not,' in effect relieves the maker from all liability upon the note as to the payee thereof or his legal representative."

1. On a later trial the plaintiff amended his petition by alleging that on three stated occasions the defendant "recognized the validity of said note and promised your petitioner to pay the same to him." With respect to such amendment the court charged the jury: "If the jury believe from a preponderance of the evidence

that J. J. Monroe did agree, in an instrument signed at the same time the note sued on was signed, that L. D. Monroe should never be sued on said note, still if, after the death of J. J. Monroe, the defendant L. D. Monroe did expressly agree to pay said note to the executor of J. J. Monroe, the moral obligation resting on the defendant to pay the debt would be sufficient to sustain the new contract and promise to pay said note, and the defendant would be liable to pay said note notwithstanding the previous contemporaneous agreement referred to before." This instruction was erroneous. The effect of the instrument pleaded by the defendant was to relieve him of all liability on the note; and if this instrument evidenced a part of the contract by which the note was given, then there never existed any liability by virtue of the note. Every contract must rest upon a good or a valuable consideration. "A good consideration is such as is founded on natural duty and affection or on a strong moral obligation." Civil Code (1910), § 4243. In *Davis* v. *Morgan,* 117 *Ga.* 507 (43 S. E. 733, 61 L. R. A. 148, 97 Am. St. R. 171), it was held that the strong moral obligation referred to in the code section is one supported either by some antecedent legal obligation though unenforceable at the time, or by some present equitable duty. A promise to pay a debt barred by the statute of limitations or discharged by bankruptcy is an instance of an unenforceable antecedent obligation; and the code declares, with respect to such promises, that the "new promise revives or extends the original liability; it does not create a new one." Civil Code (1910), § 4386. As was said by Cobb, J., in *Davis* v. *Morgan,* supra, "When one receives a naked promise and such promise is broken, he is no worse off than he was. He gave nothing for it, he has lost nothing by it, and on its breach he has suffered no damage cognizable by the court. No benefit accrued to him who made the promise, nor did any injury flow to him who received it. Such promises are not made within the scope of transactions intended to confer rights enforceable at law." The court's instruction was that the facts set up in the defendant's plea would be avoided by his voluntary promise to pay the note, although the only consideration of the alleged new promise was the strong moral obligation to pay the note. If the defendant's plea be true, there never was any obligation on the part of the maker to pay the note, and the court's instruction was harmful.

2. A motion for new trial was made and an approved brief of evidence was filed. In the bill of exceptions the brief of evidence was greatly condensed. Counsel moved to disregard the evidence as contained in the bill of exceptions, because it had no legal place therein. We agree with counsel that where a motion for new trial is made, a brief of the evidence in the case is an indispensable part of the motion, and such brief when approved and filed becomes a part of the record; and in reviewing the rulings made on the trial as complained of in the motion, the reviewing court can not look to any other source to ascertain what evidence was adduced. The brief of evidence as approved was duly certified to this court, and counsel moved to disregard it also, because it was not made up as required by the statute, it containing the stenographic report of the trial of the case. This court has frequently pointed out the necessity of a compliance with the act of the General Assembly in the preparation of briefs of evidence. Only relevant and material evidence should be included, and repetitions should be avoided. But we do not find it necessary to examine the brief of evidence in ruling upon the controlling point in this case. Where points of law are made in the record and they can be passed on without reference to the evidence, this court will decide them. The instruction which we hold to be erroneous does not require a consideration of the evidence to demonstrate the necessity of another trial.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*