### 5411.  STRICKLAND *et al. v.* FARMERS SUPPLY CO.

1. The consideration of a promissory note may be a legitimate subject of inquiry though the note be under seal.

2. "A promise in writing to answer for the debt of another need not state the consideration therefor, but the fact of the undertaking being in writing does not preclude inquiry as to whether a consideration for the promise in fact exists; and a promise to pay the pre-existing debt of another, without any detriment or inconvenience to the creditor, or any benefit secured to the debtor in consequence of the undertaking, is a mere nudum pactum." *Davis* v. *Tift, 70 Ga. 53.*

3. While parol evidence is generally inadmissible to vary or contradict the terms of a written instrument, there is a wide difference between a plea which seeks by parol to vary the terms of a written contract and a plea which affirms in effect that the contract in question never in fact had any legal existence. In the one case the existence of a contract is admitted; in the other the assertion that one of the elements indispensably necessary to the creation of a contract was absent amounts to a denial that the contract in question was ever legally in existence or effective.

DECIDED JUNE 22, 1914.

Complaint; from city court of Dublin—Judge Hicks. November 17, 1913.

*J. S. Adams,* for plaintiffs in error.
*Davis & Sturgis,* contra.

RUSSELL, C. J.  The Farmers Supply Company sued W. L. Strickland, J. L. Strickland, and J. A. Strickland on a promissory note for $147.66 principal, and interest and attorney's fees. A

copy of the note, which was under the seal of each party, was attached to the petition. The defendants pleaded that at the time the note was given the plaintiff agreed that. they should never be sued on it, and they signed the instrument in consideration of that promise; that there was no consideration for the note; and that "while said note recites that it is given 'for value received,' these defendants do each declare that there was no value received of any kind or character whatsoever." The allegation that the defendants had been served with the statutory notice requisite to fix liability for attorney's fees was also denied. Upon oral motion of the plaintiff the court, after refusing to allow an amendment which was offered by the defendants, struck their plea and answer, and directed a verdict in favor of the plaintiff for principal, interest, and attorney's fees.

In the amendment offered by the defendants it was distinctly alleged, that the note was given to close up an account against W. L. Strickland Sr., who was then deceased, and that it was given without any consideration to any one of the defendants; that the plaintiff knew at the time it was given that neither of the defendants was liable for the debts of W. L. Strickland Sr., and likewise knew that neither of them had received a benefit from any claim of indebtedness which the Farmers Supply Company held against W. L. Strickland Sr. It was further alleged in the amendment that at the time the defendants executed the note there was no estate of W. L. Strickland Sr., deceased, other than that which was set aside for the year's support of his widow; and that there was no promise or obligation made by the defendants at the time the note was made, or subsequently, to prevent the plaintiff from proceeding against the estate of W. L. Strickland Sr. for the purpose of collecting the amount due by him to the plaintiff. The defendants admitted that W. L. Strickland Sr. was their father, but they alleged that the allowance of the year's support for the widow left nothing to be divided among the heirs, and consequently the defendants did not derive and would never derive any benefit by reason of the plaintiff's failure to collect the debt out of the estate. The foregoing statement summarizes the main features of the amendment.

We are clear that the striking of the defendants' answer was error for the reason that there was an issue as to the service of the

notice as to attorney's fees. But aside from this, we think the court erred in not allowing the amendment and in not thereafter submitting to the jury the issue as to whether the note was void for want of consideration. From the argument and citations of counsel for the defendant in error, it seems that the court below was of the opinion that evidence in support of the proposed amendment would be objectionable as tending to contradict or vary the terms of the note, and that it was upon this ground that the amendment was refused and the answer stricken. It is of course well recognized that parol evidence is inadmissible to vary or contradict the terms of a written instrument, but it is equally well settled that the consideration is a legitimate subject of inquiry, and that the contract may be avoided, either in whole or in part, upon proof of failure of consideration. And there is no conflict in the application of these two principles. The assertion that a contract is void for want of consideration neither contradicts nor varies the terms and conditions embodied in the instrument. The assertion that a contract, for want of consideration, is nudum pactum is not the assertion of the contention that the stipulations of the written instrument are incorrectly stated, but rather an assertion that no valid contract in fact was ever made by the parties, for the reason that there was an absence of one of the indispensable essentials of every contract, to wit, consideration. We think the amendment offered by the defendants in the present case, if supported by proof, presents a complete defense, so far as the answer sets up that the defendants received no consideration in return for their gratuitous promise to pay the debt of their father. The allegations are sufficient to show that the defendants received no benefit from their father's estate by executing the notes; and it is averred in the amendment that the plaintiff knew at the time the note was taken that neither of the makers thereof had received any benefit from the account against their father. According to the allegations of the answer the defendants, without any consideration upon their part, and without any detriment or loss to the plaintiff, assumed the payment of the pre-existing debt of their father, and without the plaintiff's even surrendering or discharging its claim against their father's estate. It might be that upon the coming in of the evidence it would disclose that the promise of the defendants was made prior to the judgment assigning to their father's widow a

year's support, and thereby the plaintiff may have been prevented from attacking the allowance of the year's support upon some legal ground; but in the amendment to the answer there is nothing from which this condition of affairs can be inferred, and, though the point might have been raised by special demurrer, the oral motion to strike, which is in effect a general demurrer, was not sufficiently specific to raise the point. We think the ruling is controlled by the decision of the Supreme Court in *Davis* v. *Tift,* 70 *Ga.* 53, which we have cited in the headnote. There may have been a motive for making the note; and if the father had still been in life the motive we have in mind might have supplied a consideration sufficient to make valid the note, as pointed out in *Worth* v. *Daniels,* 1 *Ga. App.* 15 (57 S. E. 898). That a promissory note, even though executed under seal, was executed without any lawful consideration is a good defense to an action on a negotiable promissory note in the hands of an original payee is no longer an open question in this court. *Sims* v. *Scheussler,* 5 *Ga. App.* 850 (64 S. E. 99) ; *Lacey* v. *Hutchinson,* 5 *Ga. App.* 865 (64 S. E. 105). For this reason we think the court should, by the allowance of the amendment, have permitted an inquiry into the consideration of the note.                    *Judgment reversed. Roan, J., absent.*