TRUSTEES OF JESSE PARKER WILLIAMS HOSPITAL
*et al. v.* NISBET.

No. 13054.   FEBRUARY 14, 1940.   REHEARING DENIED MARCH 15, 1940.

*Hirsch, Smith & Kilpatrick, Philip Wellner, E. D. Smith Jr.,* and *Louis Regenstein Jr.,* for plaintiffs in error.

*Arnold, Gambrell & Arnold,* contra.

JENKINS, Justice. ■ Where a pleaded contract not only is executed in a foreign State, but contains nothing to indicate by the place of performance or otherwise that it was intended to be construed as a Georgia contract, it will be treated as a contract of the foreign State, and governed by its laws. *Jackson* v. *Johnson,* 67 *Ga.* 167 (2), 182; *Davis* v. *DeVaughn,* 7 *Ga. App.* 324, 325 (66 S. E. 956).

(*a*) A contract of a foreign State which constituted one of the thirteen original colonies, or which was derived from territory included in one of such colonies, will be construed and governed by the common law, in the absence of any pleading to the contrary. *Slaton* v. *Hall,* 168 *Ga.* 710, 716 (148 S. E. 741, 73 A. L. R. 891); *Thomas* v. *Shepherd,* 42 *Ga. App.* 558 (156 S. E. 724), and cit.

(*b*) And in such a case the construction of the common law given by the courts of this State will control, in preference to the construction given by the courts of the State of the contract. *Slaton* v. *Hall,* supra; *Lay* v. *N., C. & St. L. Ry. Co.,* 131 *Ga.* 345 (62 S. E. 189); *Thomas* v. *Clarkson,* 125 *Ga.* 72 (3) (54 S. E. 77, 6 L. R. A. (N. S.) 658); *Motors Mortgage Corporation* v. *Purchase-Money Note Co.,* 38 *Ga. App.* 222 (143 S. E. 459), and cit.

(*c*) These rules, however, have no application to the contract of a State that was never a part of English territory, embraced in one of the original thirteen colonies or belonging thereto, and therefore did not inherit its laws from England. There is no presumption that the common law of England exists in such a State. *Ga., Fla. & Ala. Ry. Co.* v. *Sasser,* 4 *Ga. App.* 276, 286 (61 S. E. 505); *Reliance Realty Co.* v. *Mitchell,* 41 *Ga. App.* 124, 126 (152 S. E. 295); 5 R. C. L. 820-822, §§ 12, 13; 11 Am. Jur. 169-171, § 16; 12 C. J. 199-202, §§ 31-33; 15 C. J. 631-633, §§ 19, 20. Under such circumstances, the law of the foreign State must be pleaded, in the absence of which it will be presumed that the law of this State obtains therein. *Champion* v. *Wilson,* 64 *Ga.* 184,

188; *Wells* v. *Gress,* 118 *Ga.* 566 (2), 567 (45 S. E. 418); *Reliance Realty Co.* v. *Mitchell,* supra.

(*d*) In accordance with the foregoing principles, although the instrument sued upon in this petition was a Florida contract, yet, Florida not being one of the original thirteen colonies or derived therefrom, there is no presumption that the common law exists in that State, even though it may have been adopted by statute. It follows that, in the absence of any pleaded Florida law, the contract will be construed in accordance with the laws and decisions of this State.

■ It is the general rule, that, in order to be enforceable, every executory contract must be supported by a valuable consideration, or, in the absence of a valuable consideration, by a good consideration founded either on love and affection toward one to whom a natural duty exists, or on a strong moral obligation supported either by some antecedent legal obligation, though unenforceable at the time, or by some present equitable duty. Code, §§ 20-301, 20-303; *Davis* v. *Morgan,* 117 *Ga.* 504 (43 S. E. 732, 61 L. R. A. 148, 97 Am. St. R. 171); *Willingham Sash & Door Co.* v. *Drew,* 117 *Ga.* 850 (45 S. E. 237); *Monroe* v. *Martin,* 137 *Ga.* 262, 263 (73 S. E. 341); *Worth* v. *Daniel,* 1 *Ga. App.* 15, 17 (57 S. E. 898); *McCowen* v. *McCord,* 49 *Ga. App.* 358 (2) (175 S. E. 593), and cit.; 53 L. R. A. 353, note.

■ "In some cases a consideration is presumed, and an averment to the contrary will not be received. Such are generally contracts under seal, and negotiable instruments alleging a consideration upon their face, in the hands of holders in due course, who have received the same before dishonor." Code, § 20-301.

(*a*) At common law, only specialties were under seal, and all instruments sealed and formally delivered were specialties. Accordingly, the common-law definition of a specialty was a contract under seal. Chitty on Contracts (17th ed.), 2, 3. This definition of the common law has been retained in our Code, §§ 20-104, 20-301, as a mere statement of the common law. *Sivell* v. *Hogan,* 119 *Ga.* 167, 170 (46 S. E. 67); *Sims* v. *Scheussler,* 5 *Ga. App.* 850, 856 (64 S. E. 99); *Lacey* v. *Hutchinson,* 5 *Ga. App.* 865, 867 (64 S. E. 105). The common-law definition of a specialty was both definitive and all-inclusive, in that it comprehended all instruments such as bonds, single and double, which at common law

could be construed as specialties and were sealed and formally delivered, and excluded every other sort of instrument. Chitty on Contracts, supra; Anson on Contracts (3d Am. ed.), 82, § 80. But, as was pointed out by Judge Starnes in *Albertson* v. *Halloway,* 16 *Ga.* 377, 381, in the process of time, the exigencies of trade and commerce, or mercantile usage, or the customs of the people, among whom the credit system prevailed to a great extent, may have rendered common, as an evidence of contract, other instruments such as promissory notes, which, while possessing one of the characteristics of a specialty, that is, a seal, did not conform in other respects to the definition of a specialty as it was known at common law. Accordingly, it was held in the *Albertson* case that the presence of a seal on a promissory note did not preclude the defense of a failure of consideration. It will thus be seen that it is not the mere presence of a seal on an instrument which precludes the defense of a failure or an absence of consideration; but that such inhibition applies only to such instruments as were known to the common law as specialties, to the exclusion of those hybrid instruments which have grown up in commercial usage, but which do not conform to the definition of a common-law specialty. That this was the rule in Georgia before the passage of the uniform negotiable-instruments law, which now declares that *every* negotiable instrument, that is, whether sealed or unsealed, is deemed prima facie to have been issued for a valuable consideration, but that absence as well as failure of consideration is matter of defense as against any person not a holder in due course (Code, §§ 14-206 (4), 14-301, 14-305), is plainly indicated by decisions of this court and the Court of Appeals before the passage of that law. See *Albertson* v. *Halloway,* supra; *Beazley* v. *Gignilliat,* 61 *Ga.* 187, 189; *Lacey* v. *Hutchinson,* supra; *Sims* v. *Scheussler,* supra; *Strickland* v. *Farmers Supply Co.,* 14 *Ga. App.* 661, 664 (82 S. E. 161). Also *Citizens Bank of Blakely* v. *Hall,* 179 *Ga.* 662, 664 (177 S. E. 496), which, although a case under the negotiable-instruments law, seems clearly to recognize and approve the rule above stated. There appears to be nothing to the contrary in *Rutherford* v. *Executive Committee of the Baptist Convention,* 9 *Ga.* 54, 55, where the instrument was treated, not as an ordinary sealed promise to pay, but as a "specialty," and the common-law rule was stated, that "in the case of a *specialty,* no consideration is

*necessary* to give it validity." In *Justices of the Inferior Court* v. *Smith,* 13 *Ga.* 502 (3), 505, the instrument was not a note but a voluntary sealed bond, and was likewise dealt with as a "specialty." In *Smith* v. *Smith,* 36 *Ga.* 184, 190 (91 Am. D. 761), there was no note but a sealed agreement, which was a family arrangement to compromise conflicting claims; and the court said that "the compromise of a doubtful right is a sufficient foundation for an agreement." There being a valid consideration, the further general reference to a *sealed* contract estopping a party from denying a consideration must be treated as obiter. In *Sivell* v. *Hogan,* 119 *Ga.* 167, 170 (supra), Mr. Justice Cobb, speaking for himself, but disclaiming any adjudication by the court, expressed the view that, while a failure of consideration could be pleaded in a suit on a sealed promissory note, such would not be true as to a plea of want of consideration. See *Van Dyke* v. *Van Dyke,* 123 *Ga.* 686, 690 (51 S. E. 582, 3 Ann. Cas. 978); *Slaton* v. *Fowler,* 124 *Ga.* 955 (3), 956 (53 S. E. 567).

(*b*) In accordance with the rule just stated, the mere presence of a seal would not prevent the defense of want of consideration, unless the instrument in question be taken as conforming to what was known as a specialty at common law, both as to the character of the instrument and as to its sealing and formal delivery. Especially would this be true where, as here, there can be no room for any presumption of a consideration to operate, since the instrument recites in itself as the consideration the inadequacy of the compensation which had already been fully paid by the promisor to the promisee for past services performed by the promisee under a contract between the parties. Since, under the ruling in division 2, supra, this did not constitute either a valuable or a good consideration, and since the instrument thus purported to speak for itself as to what constituted the consideration, there can be no room for any presumption to operate. *Bruton* v. *Wooten,* 15 *Ga.* 570 (3), 572; Bender *v.* Been, 78 Iowa, 283 (43 N. W. 216, 5 L. R. A. 597); 17 C. J. S. 74.

(*c*) Nor would the rule with reference to gifts operate to change the rule; for, under the law of the Code, a gift of personalty by parol must be accompanied by delivery and acceptance of the article given; and while a gift evidenced by an *ordinary writing* (as distinguished from a *specialty*) dispenses with the necessity for a de-

livery of the article, such a writing does not ordinarily, in the absence of actual or constructive delivery, dispense with the necessity for a "good consideration." Code, §§ 48-101, 48-104; *Burney* v. *Ball,* 24 *Ga.* 505 (3), 514; *Wyche* v. *Greene,* 11 *Ga.* 159 (14), 177. See, in this connection, 63 A. L. R. 540, 545, notes. Accordingly, if the instrument sued on were merely an *ordinary writing,* though under seal, and it should be construed as a gift, the general rule of the Code, requiring at least a "good consideration" in the case of undelivered property evidenced by a writing, would obtain as in other forms of contract.

■ Those instruments which were recognized at common law as of the nature and character of specialties, such as bonds, single or double, or deeds conveying the title to land or personalty, executed under seal, accompanied with the formal ceremony of delivery as recognized by ancient usage, or its more common later-day equivalent by a recital of delivery in the instrument (see 1 Cooley's Blackstone, 4th ed., 679, 680), were enforced, not because there was a conclusive presumption of consideration, but because instruments of that nature and executed with such solemnity did not require a consideration. 1 Addison on Contracts (Morgan's ed.), 46; Chitty on Contracts (17th ed.), 4; *Albertson* v. *Halloway,* 16 *Ga.* 377, 379 (supra); *Lacey* v. *Hutchinson,* 5 *Ga. App.* 865 (2), 867 (supra). If, therefore, the instrument here involved should be treated as measuring up to the requirements of a common-law specialty, and if the rule at common law that such instruments did not require a consideration still obtains in this State, save with respect to deeds conveying the title to land or personalty, which has been changed by statute (Code, § 29-101; *Citizens & Southern Bank* v. *Farr,* 164 *Ga.* 880, 139 S. E. 658, and cit.), then the fact that no consideration was shown or could be presumed, or even that the instrument itself shows that none in fact existed, would not operate to render the instrument invalid.

(*a*) The common law of England, of force in this State on May 14, 1776, remains of force, so far as it is not incompatible with the Federal or State constitution or has not been modified by statute. Code, § 2-8503; *Flint River Steamboat Co.* v. *Foster,* 5 *Ga.* 194 (5) (48 Am. D. 248); *Tucker* v. *Adams,* 14 *Ga.* 548, 569, 570; *Alexander* v. *Dean,* 157 *Ga.* 280, 283 (121 S. E. 238). The rule of the common law, recognizing as a specialty a bond or like in-

strument accompanied by a seal and formal delivery, and therefore dispensing with the necessity for any consideration, not having been varied by statute or by construction in any contrary decision, remains of force. See *Stephens* v. *Crawford*, 1 *Ga.* 574, 582 (44 Am. D. 680), 3 *Ga.* 499, 506; *Justices of the Inferior Court* v. *Ennis*, 5 *Ga.* 569, 570; *Albertson* v. *Halloway*, 16 *Ga.* 379, 381 (supra).

(*b*) Although the form of bond now commonly in use in civil and criminal proceedings and certain contractual transactions, like the form generally used at common law (*Albertson* v. *Halloway*, supra), is what was known as a double or conditional bond, affixing a penalty and containing a condition in the nature of a defeasance, that if the obligor does or forbears to do some act the obligation shall be void, the common law also recognized as a specialty a bond, "called a single one, simplex obligatio," executed with the two essential requirements of sealing and formal delivery incidental to specialties, but without a defeasance clause. 1 Cooley's Blackstone (4th ed.), 705; 8 Am. Jur. 708, § 2; 11 C. J. S. 398, § 1, and cit.; 9 C. J. S. 7, § 1; 1 Words & Phrases, 831; Black's Law Dictionary; Bouvier's Law Dictionary; 1 Abbott's Law Dictionary, 157.

(*c*) As to what sealed instruments with formal delivery, besides promissory notes, should be excluded as not coming within the definition of a single-bond specialty, it is not necessary to decide, and it is not here decided; nor is it necessary, under the facts of this case, to formulate what sealed instruments with formal delivery should be included within the definition of a single-bond specialty, other than to observe that the rule relating to such specialty bonds has been recognized as applying to instruments creating and establishing "a gift of money [payable] in futuro." *Lacey* v. *Hutchinson*, 5 *Ga. App.* 874 (supra); Aller *v.* Aller, 40 N. J. L. 446, 450, 451; Page *v.* Trufant, 2 Mass. 158, 161; 26 L. R. A. 308, notes; 63 A. L. R. 540, 542, and cit.; 12 R. C. L. 937, § 14; 28 C. J. 637, § 26.

(*d*) Accordingly, an instrument such as is here sued on, which is not a mere unconditional promise to pay a certain sum at a definite date, but which by its terms *creates and establishes* a gratuity payable in futuro, and which obligates the promisor, her "estate, heirs, executors, administrators, and assigns," as was formerly stated in common-law bonds (1 Cooley's Blackstone, 4th ed., 705,

677), to pay the gratuity as thus created in specified amounts at times provided, and which obligation is executed under seal, recites delivery and acceptance by the promisee, can not be construed as a mere sealed promissory note, but measures up to the standard and contains all of the earmarks and requirements of a common-law bond or like instrument recognized at common law as a specialty, and creating a gift payable in futuro. Especially is this true where such execution is duly attested, and the fact of delivery is formally acknowledged before an authorized officer of the State of execution, even though these additional formalities might not be essential to render the instrument a common-law specialty. As such a specialty, it was not subject to the defense of want of consideration.

(e) The decision in *Ball* v. *Wallace, 32 Ga.* 170 (2), 172, is not authority against the validity of an executory gift by a specialty. In that case the paper was not sealed, nor did it otherwise conform to the requirements of a common-law specialty; but the gift was enforced on the theory that it was "an executed and not an . . executory one." Nor is there anything to the contrary in *Helmer* v. *Helmer, 159 Ga.* 376 (125 S. E. 849, 37 A. L. R. 1137) ; *Rogers* v. *Carter, 177 Ga.* 605 (170 S. E. 868) ; or *Brown* v. *Nichols, 23 Ga. App.* 569 (99 S. E. 57), where the gifts were held ineffectual by reason of the absence of any actual or constructive delivery of the article or chose in action, and there was no instrument to support the gift conforming to the requirements of a common-law specialty.

(f) The ruling here made, that the character of the instrument sued upon, conforming, as it does, to the requirements of a common-law specialty, dispensed with the necessity for a consideration, renders it unnecessary to go to the extent of the observation made by Judge Cobb in *Sivell* v. *Hogan,* 119 *Ga.* 167 (supra), that the presence of a seal in a mere promissory note precludes the defense of absence of consideration, or to go as far as the holding in that case may perhaps have gone with regard to the mere sealed executory contract of sale actually before the court, that "the question of want of consideration was [not] open to examination by either party," and that any evidence as to a want of consideration was immaterial because of the mere presence of the seal.

■ Where a petition in the superior court seeks both legal and
■

equitable relief, under our uniform-procedure act, "the legal branch of the case should be controlled as far as possible by the legal principles which would have applied had it been the basis of a separate proceeding" at law. *Bentley* v. *Crummey,* 119 *Ga.* 911 (2) (47 S. E. 209). The petition seeks a general judgment at law on the instrument, and does not pray for specific performance (Code, § 37-804), or other direct equitable relief to enforce or to forestall a defense against the validity of the obligation; and since the injunctive relief sought as to the assets of the defendants is merely incidental to the relief sought at law, and since the defense of want of consideration, raised by demurrer, does not itself invoke any equitable remedy or principle, the legal rules governing such a defense must be given application, with the result that the attack on the ground of want of consideration will not avail. This is true, irrespective of whether or not, "in the case of a specialty, no consideration is necessary to give it validity, even in a court of equity." See *Rutherford* v. *Executive Committee of the Baptist Convention,* 9 *Ga.* 55 (supra); *Smith* v. *Smith,* 36 *Ga.* 184, 190, 91 Am. D. 761; Chitty on Contracts (17th ed.), 7.

■ The specialty here sued on coming within the twenty-year period of limitation provided by the Code, § 3-703, and the averments showing that the obligation was an entire one, with the first of the ten agreed annual payments falling due in 1927 and the last in 1936, the fact that the petition was not filed until 1939 did not render it subject to demurrer on the ground that the suit was barred by unreasonable delay and laches, even though the obligor of the instrument died in 1924, and the executor completed the disbursement of assets to the defendants and others in 1932, without the filing of any claim by the petitioner against the estate or any payment to her. See Code, § 113-1506; *Redd* v. *Davis,* 59 *Ga.* 823, 829; *Wynn* v. *Bryce,* 59 *Ga.* 529 (2); *Benton* v. *Roberts,* 41 *Ga. App.* 189 (152 S. E. 141); *Glass* v. *Grant,* 46 *Ga. App.* 327 (167 S. E. 727).

■ Under the preceding holdings, the court properly overruled the demurrers to the petition, even though one erroneous reason for the decision was stated, that the contract was supported by a sufficient moral consideration, rather than the reason as here decided, that the contract, conforming to the requirements of a common-law specialty, required no consideration.

*Judgment affirmed. All the Justices concur, except Duckworth, J., who dissents.*

ATKINSON, P. J., and BELL, J., concurring specially. Whether or not the instrument in question is of such form and character that it may be properly classed as a common-law specialty, and whether it shows a valuable consideration upon its face, it does not affirmatively negative such; and being under seal, a consideration is prima facie presumed. Nothing else appearing, the petition stated a cause of action, and the judge properly overruled the demurrer to the petition.