## 24841.   FRINK v. DERST BAKING COMPANY.

DUCKWORTH, Chief Justice.   While the alleged unsigned option, attached to the petition as an exhibit, reserved to the optionor the precise uses and privileges given him by the agreement subsequent to the deed, he would not be invested with those rights by the unsigned option; yet, when the purchaser voluntarily obligated itself to extend those privileges by the later contract, which is also attached to the petition, the seller in virtue of that signed contract became invested with the right to use all of said land not needed in connection with the purchaser's bakery business.   The petition alleging the foregoing facts and alleging further that the successor of the buyer had ousted the seller from all of said lands but was not using it in connection with the bakery business, and praying for damages, possession and injunctive relief, alleged a claim for the relief sought, and it was error to dismiss the same on motion of the defendant.  *Code Ann.* § 81A-108 (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230).   The contract amounts to ratification of the unsigned option, although the mutual promises therein flowing between the two parties also constitute consideration, and the contract does not offend the Statute of Frauds.  *Code* § 20-302; *Trustees, Jesse Parker Williams Hosp. v. Nisbet,* 189 Ga. 807 (2) (7 SE2d 737).

*Judgment reversed.  All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1968—DECIDED SEPTEMBER 24, 1968—REHEARING DENIED OCTOBER 10, 1968.

*Neville & Neville, William J. Neville, G. Leonard Liggin,* for appellant.

*Allen & Edenfield,* for appellee.