### 5778. DUNCAN *v.* CONE INCORPORATED.

WADE, J.[*] 1. Where, during the pendency of a term of employment at a stipulated salary per month, a voluntary agreement, entirely apart from the contract of employment, is made by the employer, to pay the employee as a bonus some indefinite and undetermined share in the profits of the business, "contingent on continuous and satisfactory services," and this voluntary agreement is not supported by any change in place, hours, character of employment, or other consideration, the agreement is not enforceable at law, as it is nudum pactum, and the grant of the bonus so promised is altogether optional because dependent upon whether the services of the employee are "satisfactory" to the employer, and of this he is in such a case the sole judge. *Davis* v. *Morgan,* 117 *Ga.* 504 (43 S. E. 732, 61 L. R. A. 148, 97 Am. St. R. 171); *Phinizy* v. *Bush,* 129 *Ga.* 479-491 (59 S. E. 291); *Purcell* v. *Armour Packing Co.,* 4 *Ga.* *App.* 253-257 (61 S. E. 138); *Worth* v. *Daniel,* 1 *Ga. App.* 15-17 (57 S. E. 898); *Saul* v. *Southern Seating &c. Co.,* 6 *Ga. App.* 843-847 (65 S. E. 1065). "Where one undertakes to perform for another service or labor for a given sum, any amount paid in excess of that sum, not based upon a new consideration, is a mere gratuity." *Willingham Sash &c. Co.* v. *Drew,* 117 *Ga.* 850 (45 S. E. 237). "Such a promise, made at the beginning of the employment, is enforceable, though it would not be if made pending the term or after the performance was completed" (*Phillips* v. *Hudson,* 9 *Ga. App.* 779-781, 72 S. E. 178); and this is true even where the promise is definite. In this case no definite promise was ever made, and the conditional promise was made during the employment and without any additional consideration to support it.

2. There was no error in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED MAY 4, 1915.

Complaint; from municipal court of Atlanta. May 20, 1914.

*T. H. Scott,* for plaintiff. *Moore & Pomeroy,* for defendant.