*Wallis & Fort,* for plaintiff. *R. L. Maynard,* for defendant.

---

9749: DOOM *v.* STUDEBAKER CORPORATION OF AMERICA.

LUKE, J. 1. Where in a contract of service it is stipulated that it may be terminated upon certain notice, a verbal new agreement at a lesser sum for service, which does not give the right to the employer to terminate the contract upon notice, but provides a definite and specific duty and fixes a definite compensation, and which is acted upon by both parties, payment being made and accepted thereunder, is not void for want of consideration.

(a) The new verbal contract supersedes the original contract.

(b) A petition setting up these facts and seeking recovery upon the original contract is subject to demurrer.

2. The court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*

DECIDED OCTOBER 16, 1918.

Complaint; from Fulton superior court—Judge Bell. April 3, 1918.

In the plaintiff's petition it is alleged that the defendant is indebted to the plaintiff in the sum of $897.50, as shown by an account attached to the petition (Exhibit A); the indebtedness arising out of the facts here set forth: On December 1, 1914, petitioner entered into a written contract with defendant, under the terms of which he was to receive 10% on sales made by himself, and 3% on sales made by subsalesmen working under him. A copy of this contract is attached to the petition. He worked under this contract until August 1, 1915, receiving the full commission due him thereunder up to June 1, 1917 (?), On or about June 1,

1915, he entered into a verbal contract with the defendant corporation, through its duly authorized representative, under the terms of which the commissions of 10% on personal sales and 3% on subsales, agreed upon in the contract of December 1, 1914, were reduced to 6% on personal sales and 1% on subsales; this to apply and be of force until all the 1915 automobiles were sold out, after which the terms of the contract of December 1, 1914, as to commissions and other provisions, would continue of force on all 1916 models due to arrive the latter part of July, 1915; that is, the reduced commission would apply on sales made of 1915 models, while the original commission would stand on all new 1916 models coming in. It is alleged that this oral agreement of June 1, 1915, was without consideration, "because under the terms of the contract of December 1, 1914, the rights of the parties were fixed, and no consideration, good or valuable, was paid to or received by plaintiff for receiving less than he was entitled to receive, for the cars sold from June 1 to August 1, 1915, his full commission." On or about August 1, 1915, the defendant, through the same agent who had negotiated the unlawful agreement of June 1, 1915, contracted and agreed orally that it would pay plaintiff his full commission on sales between June 1 and August 1, 1915, at the same amounts stated in the contract of December 1, 1914. The defendant is further indebted to plaintiff in the sum of $50, as will appear by reference to the account marked Exhibit C. On August 1, 1915, plaintiff entered into a new written contract with defendant, embodying a new basis of employment. A copy of this contract is attached to the petition as Exhibit D. Plaintiff worked under the contract of August 1, 1915, until his connection with the defendant was severed later on. There are commissions to the amount of $897.50 due him from (for?) the period included between June 1, 1915, and August 1, 1915, on the basis of the contract of December 1, 1914, instead of the contract of June 1, 1915, being the difference between commissions figured on the basis of the contract of December 1, 1914, and those figured on the basis of the unlawful agreement of June 1, 1915. The total amount due plaintiff is $947.50, payment of which has been demanded and refused.

Exhibit A is a statement of commissions amounting to $897.50 "from June 1, 1915, to August 1, 1915." The written contract of December 1, 1914, is signed by the parties and states that in con-

sideration of the mutual covenants therein the Studebaker Corporation of America agrees to employ J. M. Doom for a period of one year from December 1, 1914, in the capacity of retail sales manager, and to pay him as compensation thereunder a commission of 10% on cash received from retail sales of cars, made by himself, and 3% on balance of cash received from all cars sold by other members of the retail division of the Atlanta branch; that the said employee agrees to give his full time and discharge of duty to the company for the compensation aforesaid; and "This employment shall be subject to termination at any time upon thirty days' notice given by either party to the other, and upon termination of this employment for any reason all compensation shall cease accruing. If employee remains in the service of the company beyond the period of this agreement the condition hereof will apply." Exhibit C is a statement of account for "salary due . . for the week ending April 7th, 1916, at $50 per week, due according to the terms of the contract executed August 1st, 1915." Exhibit D is a written contract dated September 18, 1915, reciting that it is entered into as of August 1, 1915, and providing for commissions different from those provided for in the preceding contracts, and guaranteeing that they will not average less than $50 per week.

The defendant demurred to the petition generally and specially, and the court sustained the demurrer and dismissed the petition.

*Edgar Watkins, Horace Russell,* for plaintiff, cited: *Davis* v. *Morgan,* 117 *Ga.* 504 (61 L. R. A. 148, 97 Am. St. R. 171) ; *Duncan* v. *Cone Incorporated,* 16 *Ga. App.* 253 ; Thurston v. Ludwig, 67 Am. Dec. 328.

*Rosser, Slaton, Phillips & Hopkins,* for defendant, cited: McDonald *v.* Alabama Ins. Co., 85 Ala. 414 (100 Am. R. 393) ; Civil Code (1910), § 4242 ; Sigler *v.* Sigler, 98 Kan. 524 (L. R. A. 1917-A, 725, 727, 731) ; *Kehoe* v. *Sou. Paving Co.,* 7 *Ga. App.* 236 ; *Wellmaker* v. *Wheatley,* 123 *Ga.* 201.