36695. WRIGHT v. POLK GENERAL HOSPITAL, INC.

DECIDED MAY 24, 1957.

*Marson G. Dunaway, Jr.,* for plaintiff in error.

FELTON, C. J. 1. This action was brought to recover for medical services rendered to the defendant's brother and for which the defendant allegedly agreed to pay. It is contended that after the medical services had been rendered and at the time the brother was discharged from the hospital the defendant signed a paper whereby he assumed the debt of the brother. This paper contained the brother's personal data and at the bottom contained the following: "Signature of person responsible for this bill. /s/ James O. Wright." Nowhere is there contained in this paper any recited consideration or other agreement by the defendant except his signature following the above quoted

phrase. The evidence showed no consideration other than possibly love and affection. A promise to answer for the debt of another must not only be in writing and contain a clear statement of the agreement (*Johnson* v. *Rycroft,* 4 *Ga. App.* 547 (2a), 61 S. E. 1052), but must also be supported by a good and sufficient consideration. Assuming for the sake of argument only that the paper showed a clear agreement on the part of the defendant to answer for the debt of his brother, neither the agreement nor the evidence showed any consideration for such an agreement. No benefit accrued to the defendant and there was no detriment to the plaintiff. The plaintiff was under the duty to release and discharge the brother whether or not the services were paid for and whether or not the defendant promised to pay for the medical services rendered to his brother. Love and affection only is not sufficient consideration for a promise to answer for the debt of another. *Wright* v. *Threatt,* 146 *Ga.* 778 (92 S. E. 640, L. R. A. 1918c 541). Since it was without consideration the alleged agreement was nudum pactum. *Wright* v. *Threatt,* supra.

2. Since a ruling on the motion for new trial will result in a final determination of the case, it is not necessary to rule on the exceptions to the overruling of the demurrers.

The evidence demanded a verdict for the defendant and the court erred in denying the motion for new trial.

*Judgment reversed. Quillian and Nichols, JJ., concur.*