59993. COASTAL STATES EQUIPMENT COMPANY, INC. v. HEILWEIL INDUSTRIES, INC.

BIRDSONG, Judge.

Coastal States Equipment, a dealer in restaurant equipment, was sued by the Pennsylvania manufacturer (formerly Glenco Refrigeration, now J. P. Heilweil Industries) for $4,681.19 "for goods and services furnished and delivered to the [dealer Coastal] by the [manufacturer Heilweil]." In August, 1975, Coastal submitted to Heilweil two purchase orders for certain restaurant refrigeration equipment, signed and executed by Coastal as buyer ("sold to"), bearing the notations: "Terms: C. O. D. freight collect" and "Ship to: Chicken George's, Cinderella City . . . Inglewood, Colorado." Heilweil shipped the goods to Colorado, but the shipper could not obtain delivery, it then appearing that the new restaurant, Chicken George's, was in a pinch. Ultimately, after four months Chicken George's went under and the goods were returned to Heilweil in Pennsylvania; it is the freight and storage charges which Heilweil seeks of Coastal, averring that its contract was with Coastal and contending that, moreover, after Chicken George was unable to accept delivery, Coastal guaranteed or agreed to pay the freight and storage costs and freight for the return of the goods to Heilweil in Pennsylvania. Coastal contends that freight costs were Chicken George's obligation; that Coastal had made no oral agreement or

guarantee to pay the costs, but even if it had, such agreement was unenforceable because under the Statute of Frauds (Code Ann. § 20-401(2)), "a promise to answer for the debt, default, or miscarriage of another" is not binding on the promisor unless in writing.

The trial court entered a verdict for Heilweil in the amount sued, finding that "the purchase order was prepared by [Coastal]. . . [Coastal], not the customer of [Coastal], placed the order for equipment with the plaintiff, with the direction that the delivery be made in Colorado, with that expense to be added to the cost. Thus, the transportation and storage charges which were paid by the plaintiff [Heilweil] were incurred by it in performing the request of [Coastal]." The trial court also found that when the equipment was not accepted in Colorado, the plaintiff had it returned to Pennsylvania "with the knowledge of Coastal," and concluded that Heilweil had demonstrated by a preponderance of the evidence that Coastal was indebted to Heilweil. Coastal appeals enumerating four errors, including the admission in evidence of the alleged oral agreement or guarantee of Coastal to pay the freight and the consequent verdict for Heilweil. *Held:*

The trial court in this case did not rule that the alleged oral agreement or guarantee of Coastal bound it to the obligation; but rather determined that the freight costs were Coastal's obligation in the first instance, inasmuch as the contract to purchase was between Coastal and Heilweil, and Heilweil delivered the goods to Chicken George at Coastal's instructions. Under those grounds as urged, therefore, the trial court did not err.

The appellant also urges that the trial court erred in giving verdict to Heilweil because the only evidence in the case pinning the obligation upon Coastal was the alleged inadmissible oral agreement, and we must agree. The testimony of Heilweil as to the terms of the purchase order and by which it delivered the goods to Chicken George is unequivocal that, in the first instance, Heilweil agreed and clearly understood that Chicken George would pay freight upon delivery; that in the nature of its business dealers generally submitted, and Heilweil accepted, purchase orders which provide for delivery of goods to the ultimate purchaser, and that purchaser pays the freight. The evidence discloses that the agreement with Coastal included freight obligations to be paid by Chicken George. Heilweil's witness testified that while the goods reposed in storage in Colorado, Chicken George told him to hold the goods there and not return them to Pennsylvania because Chicken George did want them and would pay the costs and accept delivery as soon as it was able. Upon this subsequent affirmation and promise, Chicken George bound itself, at

least under Georgia law. See *Highsmith v. Nat. Linen Serv.,* 63 Ga. App. 112 (10 SE2d 237). The undisputed fact, by the admission of Heilweil is that when the deal was struck, and until near the very end, it looked to Chicken George to pay the freight; that was the term by which it sold the goods to Coastal.

As for any alleged oral agreement or guarantee by Coastal to pay the obligation of Chicken George for freight and storage, we cannot give it force. Coastal denies any such agreement by itself and the testimony of Heilweil is equivocal; it is not clear whether Heilweil's witness himself understood that Coastal was making a promise or guarantee that Coastal pay the freight, or that Coastal was making assurances that Chicken George would pay the freight and that Heilweil would get its costs. The testimony is thus adjudged against Heilweil (*Lewis v. Dan Vaden Chevrolet,* 142 Ga. App. 725, 728 (236 SE2d 866)), and does not support a finding that Coastal agreed to pay the freight. Even if it did, the agreement, being oral, was unenforceable under the Statute of Frauds (Code Ann. § 20-401(2)); and we are compelled to add, to show the force of the point, that had such an agreement or promise on the part of Coastal existed in writing, it would not be enforceable; such an agreement would be nudum pactum, that is, without consideration, *Davis v. Tift,* 70 Ga. 52, 56. The obligation to pay freight, as we have held, was that of Chicken George. A promise by Coastal to pay the obligation of Chicken George inflicts no detriment upon Heilweil (see *Davis,* supra) nor inures any benefit to Coastal. *Western & A. Railroad v. Hart,* 95 Ga. App. 810, 821 (99 SE2d 302). It would be merely gratuitous. As we find the debt was Chicken George's and we find no evidence that Coastal assumed the debt except for the unenforceable alleged oral "guarantee," the judgment is reversed, and we need not consider Coastal's other enumerations of error. Appellant's own claim for judgment in the amount of $617, for having paid Heilweil and been credited that amount, cannot be considered as it is raised for the first time on appeal. See *Ridley v. State,* 141 Ga. App. 854, 855 (234 SE2d 688).

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

ARGUED JUNE 2, 1980 — DECIDED SEPTEMBER 11, 1980 — REHEARING DENIED SEPTEMBER 30, 1980.

*John V. Burch, C. Sammy Thomas,* for appellant.
*John L. Turoff,* for appellee.