## 60777. CHATHAM v. SOUTHERN RAILWAY COMPANY.

Pope, Judge.

In April of 1976 Brooker Truck Equipment Company (Brooker) and Southern Railway Company (Southern) entered into several contracts for the sale of truck bodies. Brooker was awarded these contracts as a result of competitive bidding under the terms of which bidders were required to include all charges on the face of the bid quotation. When Brooker was unable to fulfill the contracts, they were assumed by appellant Ray T. Chatham, Jr., d/b/a Gray Truck Body Manufacturing Company (Gray), who agreed on each purchase order to provide the equipment "as per Brookers' Quotation."

The purchase order forms were drawn up and issued by Southern, and recited that "All orders placed with you for this material will be subject to the terms and conditions on reverse side." Among these terms and conditions was stated:

"*Prices* — The price(s) indicated on this order is (are) the maximum price at which invoice will be paid, unless an increase is specifically authorized by us prior to shipment.

"*Acceptance* . . . Unless otherwise agreed in writing signed by the Buyer [Southern], acceptance is expressly limited to the terms and conditions herein, and the Seller [Gray] by accepting the order shall be deemed conclusively to have agreed to each and all of said terms and conditions, notwithstanding any term or condition contained in any document submitted by the Seller . . .

"*Tax* — On all invoices, Seller (Gray) shall bill separately for all applicable Federal manufacturers' and retailers' excise taxes . . ."

The amounts billed for payment on the purchase orders submitted by Gray to Southern contained no reference to excise taxes. However, on September 25, 1978, long after all the equipment had been received and paid for by Southern, Gray wrote Southern that during an Internal Revenue Service audit of its records it was noted that no federal excise tax had been charged on these purchase orders and an invoice was enclosed covering payment on them. When Southern refused to pay the taxes, Gray brought this suit seeking to recover that amount. The appeal is from the grant of summary judgment in favor of Southern. We affirm.

Gray contends that since Southern is a public utility and as such was exempt from sales taxes, and because under the terms of the purchase orders excise taxes were to be billed separately, it decided not to bill the federal excise taxes until it was ascertained whether or not Southern was also exempt from these taxes. Thus, after the I. R. S. audit determined that federal excise taxes in the amount of $6,709.55 were due, Gray notified Southern and billed Southern

separately as requested for the excise taxes.

This argument ignores the fact that the excise tax which appellant seeks to recover is imposed by federal law on the sale by a manufacturer or producer of certain truck bodies and parts, and under I. R. S. regulations "is payable by the manufacturer, producer, or importer making the sale." 26 CFR § 48.4061 (d)-1(c); 26 USC § 4061. Consequently Southern had no obligation to pay the taxes in question unless it assumed the responsibility by contract.

There was no written agreement supplementing the terms of the purchase orders in regard to federal excise taxes. It was Gray's policy to charge buyers with all applicable taxes unless the buyers were exempt. It had always been Southern's practice to pay its contractors only the price quotation on the face of the purchase order. But as there had been no prior course of dealing between these parties, no construction of the contract can be drawn through the custom and usage of the trade or prior business dealings. (See Code Ann. §§ 20-704 (3); 109A-1—205 and 109A-2—202(a).)

Therefore, looking at the contract as a whole in arriving at the construction of any part, as we are required to do under Code Ann. § 20-704 (4), we conclude that the term providing for the price indicated on the order to be the maximum price at which the invoice was to be accepted and paid unless otherwise specifically authorized prior to shipment conclusively resolves any ambiguity in the separate billing of excise tax requirement. If the latter term is construed to allow separate and unlimited later billings, the maximum price shown on the purchase order would always be subject to an additional charge in contravention of the accepted and agreed upon price. In order for Southern to assume payment of the taxes owed by Gray, a separate billing on the face of each invoice or specific authorization prior to shipment was necessary. Because Gray failed to show any such agreement, the trial court properly entered summary judgment in favor of Southern. Accord, *Coastal States Equip. Co. v. Heilweil Indus.,* 155 Ga. App. 896 (273 SE2d 627) (1980); *Union Commerce Leasing Corp. v. Beef'N Burgundy,* 155 Ga. App. 257 (1) (270 SE2d 696) (1980).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED MARCH 10, 1981.

*Platon P. Constantinides,* for appellant.
*Allen S. C. Willingham, Anthony L. Cochran,* for appellee.