61925. DINNAN et al. v. TOTIS.

QUILLIAN, Chief Judge.

Robert M. Totis, brought this action in Clarke Superior Court against Thomas Dinnan and Dinnan Enterprises, Inc., d/b/a/ Dinnan Construction Company. The complaint alleged the plaintiff was employed by each of the defendants in the year 1979 for a period of time; that as part of the compensation agreed to be paid to the plaintiff by the defendants, they agreed to pay certain medical bills incurred by the plaintiff; that after each of the defendants had ratified the agreement and after the plaintiff continued to work for the defendants based on such agreement, plaintiff incurred certain medical expenses; that the defendants have failed and refused to pay the medical expenses as part of the employment compensation despite repeated demands for such payment. The prayers were for recovery of the sum incurred for the medical expenses.

The defendants answered, denying the material allegations of the complaint and pleading the statute of frauds with regard to the alleged contract. The case came on for trial before a jury who returned a verdict in favor of the plaintiff and against the defendants in the sum of $1648.00. The defendants appeal from the judgment entered on the verdict.

The issues in this case are concerned with the following factual situation. In 1977, the plaintiff was employed by the individual defendant as a laborer in the residential construction business. The individual defendant subsequently incorporated his business as the corporate defendant. In January, 1979, the plaintiff along with other employees of the corporate defendant was enrolled in a group health insurance plan which was paid for by the corporate defendant. In October, 1979, the plaintiff was injured in a motorcycle accident. Afterwards, he learned that in either August or September of 1979, due to non-payment of premiums the health insurance policy had been cancelled.

It appeared from the evidence that as a result of the injuries he received, the plaintiff needed an operation. During mutual discussions, the individual defendant made certain statements to the plaintiff. The plaintiff testified that, after they had ascertained that the plaintiff's medical expenses were not covered by insurance, the individual defendant assured the plaintiff, "Don't worry about it,

you've worked for me a long time and I will take care of you," and on this and several other occasions the individual defendant stated he would pay the plaintiff's medical or hospital bill. The individual defendant testified that he said, "Go ahead and get the operation and it would work out somehow," and that he would "attempt to pay the bill."

The plaintiff testified that, relying on the individual defendant's promise to pay for medical expenses, he continued to work for the defendant, that he had the operation and as soon as he was able he came back to work for the defendant, remaining an employee until his job was terminated because the corporate defendant became unable to pay its bills.

During the course of the trial, plaintiff testified that he considered that he was employed by the individual defendant, although there was evidence that the corporate defendant, after its inception, was the one who paid the plaintiff's wages.

On appeal, the defendants contend that the plaintiff could recover from neither the individual nor the corporate defendant and that the trial judge should have directed a verdict in their favor. It is argued that: (1) the corporation is not liable for the failure to maintain insurance on the plaintiff; (2) the corporation is not liable on a separate agreement to indemnify the plaintiff for the medical expenses he incurred; (3) the individual defendant is not liable on a personal agreement to answer for debt of the corporation; (4) the individual defendant is not liable on a personal agreement to indemnify the plaintiff for the medical expenses incurred.

Defendants also contend that the trial judge erred in charging regarding the law on implied contracts since the contract in the case sub judice was either an express one or not at all. *Held:*

1. In *Dawes Mining Co. v. Callahan,* 246 Ga. 531 (272 SE2d 267), the Supreme Court was confronted with an issue involving a group health insurance program wherein the employer changed coverage from the existing insurer to another insurance company. The new insurance had a provision prohibiting payment of medical expenses incurred as a result of a pre-existing illness until the policy had been in effect for a certain period of time. The employee's wife fell within that exclusion and the Supreme Court was faced with the resolution of the problem as to what duty the employer owed the employee. That Court in a detailed and exhaustive discussion of the problem involved found that the employer acted as an agent of the employee when changing a group policy insuring its employee and was "under a duty to notify the employees of differences between the old and new policy and of any rights employees may have to continue the old insurance on an individual basis. We hold further that where this duty is

breached, an employee can recover such damages as results from a difference in coverage." The Supreme Court cited authority from other states wherein it was pointed out that while an employer had the right to terminate or modify a group health and accident policy it has purchased for its employees that the employer was obligated to inform the insured employee of the termination or modification of the benefits under the policy. In short, that without reasonable notice to the employee, the employer could not cancel or modify a group policy so as to deprive the employee of rights under that policy.

In the *Dawes Mining Company* case, supra, the employee contributed to the payment of the premium. In the case sub judice, the employee did not contribute. However, we find this no valid basis to differentiate between the present case and the *Dawes Mining Company* case.

Several factors predominate in our existing society lead us to that conclusion. In our era of "double digit inflation," increases in wages have become necessary merely to maintain the status quo. Thus, even for individuals performing basically the same tasks, increases in salary are given in order to meet the severe increases in the cost of living. To equate such raises with a gift or gratuity is obviously fallacious reasoning. To say a raise or a fringe benefit of that type is without consideration is no longer rational. Compare *Duncan v. Cone, Inc.,* 16 Ga. App. 253 (85 SE 203); *Management Search Inc. v. Morgan,* 136 Ga. App. 651, 653 (222 SE2d 154). For, without the raise or added benefit, the employee will actually suffer a reduction in wages and would therefore seek employment elsewhere. Also, raises are often given for seniority or time in service without regard to increased tasks or responsibility. The consideration to the employer is the ability to retain experienced employees.

Fringe benefits of numerous sorts have become a substitute for actual direct increases in wages or salaries. They are no longer bonuses in the traditional sense of the term, but part and parcel of the remuneration package. For various reasons, but most often connected with taxation, such benefits are offered to employees instead of a traditional straight cash wage increase.

The applicable principles may be summarized as follows. Fringe benefits are an inherent part of compensation. Payments by employers of employees' pension contributions, and insurance policies, both life and health, have all become vital ingredients of employment. Such payments can no longer be considered as gratuities or voluntary since they are essential elements of most compensation arrangements in that they benefit both the employer and the employee. As stated in 33 AmJur2d 718, Federal Taxation ¶ 3206, "Sickness and disability benefits furnished by an employer

provide a valuable fringe benefit for employees. And they can usually be made available at a comparatively low overall tax cost, since they're often tax free to employees and are generally deductible by employers."

Hence, one must overlook present realities to apply a moribund rule to the effect that where an employer pays the entire amount of the insurance premiums for its employees that this constitutes a mere gratuity.

We, therefore, hold that even though the employee in this case did not make direct contributions to the premium payment, there was a basis for finding the employer breached a duty to its employee when it failed to make the premium payments and allowed the policy to lapse without giving reasonable notification to its employee concerning the lapse. For this reason a verdict against defendant corporation was authorized by the evidence.

2. From the transcript it appears without question that only defendant corporation paid for the medical insurance furnished to the plaintiff. Hence, the liability of the individual defendant must be predicated solely on the statements which he made to the plaintiff. A careful examination of the record reveals that the individual defendant's statements to the effect that the plaintiff would be compensated for his medical expenses did not constitute a valid and binding agreement on the part of the individual defendant. *Wright v. Polk General Hospital, Inc.,* 95 Ga. App. 821 (99 SE2d 162); *King v. State Farm Mut. Auto. Ins. Co.,* 117 Ga. App. 192 (160 SE2d 230); *Sams v. Duncan & Copeland, Inc.,* 153 Ga. App. 765 (266 SE2d 546); *Coastal States &c. Co. v. Heilweil Industries,* 155 Ga. App. 896 (273 SE2d 627); *First Nat. Bank &c. Co. v. Falligant,* 208 Ga. 479 (67 SE2d 473). The trial judge erred in failing to direct a verdict on behalf of the individual defendant.

3. The remaining enumerations of error are without merit.

*Judgment affirmed as to the corporate defendant. Judgment reversed as to the individual defendant. McMurray, P. J., and Pope, J., concur.*

DECIDED JULY 2, 1981 —
REHEARING DENIED JULY 21, 1981.

*John K. Larkins, Jr.,* for appellants.
*James Wilson Smith,* for appellee.