## 64046. WOODMAN COMPANY, INC. v. ADAIR.

McMURRAY, Presiding Judge.

Richard K. Adair was an employee of The Woodman Company, Inc. during part of the year 1980. His contract of employment included the payment of wages as well as the providing of a policy of group health insurance for the benefit of the employee and his spouse. The employer administered the group health plan and was responsible for notifying the insurance carrier with reference to the plan as to the number of employees covered (but not the particular employee covered), paying the premiums, issuing certificates of insurance to induce purveyors of medical services to perform those services with the expectation that coverage existed, receiving, verifying, and reviewing claims to forward to the employer's carrier. The plan provided that the insurance terminates when the employee leaves employment and that a dependent's insurance terminates when the employee's insurance terminates, but that if the employee ceases active work he should inquire as to what arrangements, if any, may be made to continue insurance. The plan provided that the insurance carrier may convert the health insurance under the group policy which may be applied for without submitting evidence of insurability.

Adair's employment was terminated on September 1, 1980. At

that time he inquired of his employer as to whether or not the group health policy continued in effect and was informed that it would be in effect for a period of 30 days following his termination. Certificates of insurance were then issued during the 30 day period with reference to surgical procedure performed upon his spouse by a group of medical doctors and as to the hospital where she was treated. Adair filed a claim for the expenses incurred with reference to his wife, at which time he was informed that coverage did not, in fact, exist.

Whereupon, Adair sued his former employer, The Woodman Company, Inc., setting forth in substance the above facts with reference to the sum of $1,419.50 medical expenses incurred, contending he had acted upon the advice and representations of the defendant who now informs him that there was no insurance coverage following the date of his termination. Suit is based upon an alleged implied contract.

The defendant answered, in general admitting jurisdiction and the substance of the complaint, but denied liability for the medical expenses incurred.

The case was heard by the trial court sitting without a jury. The trial court in substance found the above facts, and its conclusion of law was that the case was controlled by *Dawes Mining Co. v. Callahan,* 154 Ga. App. 229 (267 SE2d 830), affd. s.c. 246 Ga. 531 (272 SE2d 267). Defendant appeals. *Held:*

The case of *Dawes Mining Co. v. Callahan,* 154 Ga. App. 229, supra, while differing somewhat on its facts from the case sub judice, holds there was an implied contract to furnish health insurance coverage and with reference to any changes there was an obligation to inform the insured employee of a termination or modification of benefits under the policy; and there was a breach of the implied contract sufficient to authorize the jury to find as a matter of fact that the employer was liable when it breached an agreement with reference to the coverage in improperly advising the employee with reference to the insurance coverage obligating it to pay for the medical expenses incurred. The Supreme Court, in affirming the Court of Appeals in the *Dawes* case, held that the employer was the agent of the employee with reference to the handling of the group insurance and owed the employee the duty to inform him of any changes in the group insurance.

The case sub judice differs somewhat from the *Dawes* case in that when the employee was terminated and upon inquiry as to coverage he was advised that his medical and hospitalization policy would continue for 30 days, albeit the plan required that if he decided to continue insurance a converted policy could be obtained from the insurance carrier. The employer failed to so advise and thus breached

the implied contract, making it liable under the circumstances. Accordingly, we affirm, based upon *Dawes Mining Co. v. Callahan,* 154 Ga. App. 229, supra, and *Dawes Mining Co. v. Callahan,* 246 Ga. 531, supra. When a change occurs in the group health insurance policy provided for the employees as a part of the consideration of employment, an employer can be sued by his employee for breach of an implied contract when it erroneously advises him that he has coverage under the policy, yet the policy required that he obtain a converted policy in order to have it continue. The evidence authorized the trial court to find in favor of the plaintiff.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED SEPTEMBER 7, 1982 —
REHEARING DENIED DECEMBER 3, 1982 — ▮▮▮▮▮▮▮

*Henry M. Hatcher, Jr.,* for appellant.
*J. Wayne Moulton,* for appellee.