## 69141. CALHOUN v. KUT-KWICK CORPORATION.
(323 SE2d 699)

BANKE, Presiding Judge.

The plaintiff sued his former employer, Kut-Kwick Corporation, to recover damages for the latter's failure to notify him of the termination of his group medical insurance coverage. The trial court granted Kut-Kwick's motion for summary judgment, and the plaintiff filed this appeal.

The plaintiff began working for Kut-Kwick as a welder in 1957. In 1978, a corporation known as Torco, Inc., purchased Kut-Kwick's assets but continued to operate the business under the same name. At this time, all of Kut-Kwick's employees, including the plaintiff, were offered continued employment in accordance with the terms and conditions set forth in a document entitled, "Offers and Conditions of Employment." The plaintiff received a copy of this document; however, he testified without dispute that he is unable to read.

Regarding the company's group insurance program, the "Offers and Conditions of Employment" provided as follows: "On March 20, 1978, you will be enrolled in the 'Group Medical and Life Insurance Program' of the Occidental Life Insurance Company of California . . . The insurance is described in further detail in the attached company policy. A booklet describing the coverage completely will be given you as soon as it is printed." The attachment referred to, which was entitled "Summary of Company Policies," provided as follows: "The company pays all of the employees' personal medical insurance . . . The employee pays for his or her dependent coverage if they elect to carry dependent medical coverage . . . As is normal under other plans, *group medical and life coverage is not available for employees over 65 who are covered under Medicare or Medicade* (sic)." (Emphasis supplied.) The insurance booklets referred to in the "Offers and Conditions of Employment" were subsequently distributed to all employees by the plant manager, Will Phillips, in late 1978 or early 1979. Included in these booklets was the following statement: *"If you are entitled to coverage under a Medicare Plan, whether or not you ex-*

*ercise your right to that entitlement, you are not eligible for any Medical Expense Benefits* shown in this certificate." (Emphasis supplied.)

The plaintiff reached the age of 65 and became entitled to receive Medicare coverage in June of 1981; however, he did not exercise his right to this entitlement by submitting an application for such coverage. In August of 1981, he severely injured his foot and was hospitalized. Taking the position that the plaintiff's group insurance coverage had terminated automatically in June, when he reached the age of 65, the insurer denied his subsequent claim for benefits.

The plaintiff testified in his deposition that at some time between 1978 and 1981 he decided to drop his wife from his group insurance coverage, due to the fact that she had other medical coverage by virtue of her own employment. He stated that prior to making this decision he asked Mr. Phillips, the plant manager, whether his own coverage would be affected and that Phillips replied, "You're covered as long as you work to (sic) Kut-Kwick." The plaintiff further testified that when he learned the insurance company had rejected his claim, he asked Phillips, "Why didn't you tell me I didn't have no insurance," and that Phillips told him, "Well, I didn't know it myself." *Held*:

Under Georgia law, an employer has a fiduciary duty to notify his employees of all changes in the scope of any group insurance coverage which may be made available to them in connection with their employment. See *Dawes Mining Co. v. Callahan*, 246 Ga. 531 (272 SE2d 267) (1980) (holding that the employer was under a duty to notify its employees of any differences between their former coverage and their coverage under a new policy); *Dinnan v. Totis*, 159 Ga. App. 352 (283 SE2d 321) (1981) (holding that the employer breached a duty to its employees by allowing their coverage to lapse without giving them reasonable notification of the lapse); *Woodman Co. v. Adair*, 164 Ga. App. 603 (294 SE2d 579) (1982) (holding that the employer was liable to an employee for erroneously informing him that his group insurance coverage would continue for 30 days following termination of his employment).

In the present case, the parties are in dispute over whether the language of the 1978 "Offer and Conditions of Employment" and the accompanying "Summary of Company Policies" provided reasonable notice of the need to examine the master policy or the as yet unpublished booklet to determine the actual availability of coverage for employees over the age of 65. Pretermitting consideration of this issue, however, we hold that, due to the plaintiff's inability to read, neither of these documents can reasonably be said to have provided him with adequate notification that his coverage would terminate on his 65th birthday. As a general rule, one who cannot read is entitled to rely

upon representations made by others concerning the contents of legal instruments or contracts. See generally *Pirkle v. Gurr*, 218 Ga. 424, 426 (128 SE2d 490) (1962); *Grimsley v. Singletary*, 133 Ga. 56 (65 SE 92) (1909); *Cole v. Cates*, 113 Ga. App. 540 (2), 543-544 (149 SE2d 165) (1966). Such reliance is all the more reasonable in a case such as this, where the representations are made by an employer. Indeed, as previously indicated, an employer acts as an agent of his employees in matters relating to the procurement of group insurance and is under a fiduciary duty to inform them of any changes in coverage. See *Dawes Mining Co. v. Callahan*, supra. Under the facts of record in this case, there is at least a fact issue as to whether the defendant carried out this duty with respect to the plaintiff. It follows that the trial court erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 1, 1984.

*Edward E. Boshears*, for appellant.
*Michael L. Lowry, Robert C. Williams, M. Lynn Frey III*, for appellee.