76377. CITY OF BRUNSWICK v. CARNEY.
(371 SE2d 201)

McMURRAY, Presiding Judge.

Plaintiff Carney brought an action against her former employer, the City of Brunswick (City), seeking reimbursement of medical expenses she allegedly incurred after the City changed its employees' group medical insurance policy. Plaintiff based her claim on breach of contract, negligence, fraud, and 42 USCA § 1983.

The evidence adduced at a bench trial showed that plaintiff began working for the City in 1979 and that, as a benefit of employment, the City provided plaintiff group medical insurance through Sentry Life Insurance Company (Sentry). Sentry's group insurance policy allowed a city employee to recover up to $1,000,000 for "nonscheduled health benefits" and allowed each employee to convert the group policy to its individual policy, "without evidence of insurability. . . . ," upon termination of the employee's employment.

In February 1983, plaintiff suffered a serious injury to her head which required a substantial amount of medical treatment, including surgical procedures to reconstruct "portions of her face, nose, and lips." Plaintiff was unable to return to work as a result of her injuries and, as a consequence, plaintiff was terminated by the City on April

22, 1984.

On May 1, 1983, the City allowed its group insurance policy with Sentry to lapse and changed to another group health insurance carrier. Plaintiff was not informed of this change until "July or August, 1983." Plaintiff was not covered under the new group insurance policy.

Under an "EXTENDED BENEFITS" provision of the Sentry policy, plaintiff's medical expenses were paid through December 1984. However, since the City allowed the Sentry policy to lapse, other extended benefits plaintiff was entitled to exercise under the Sentry policy were cut off. Consequently, after December 31, 1984, plaintiff was left without group insurance to cover the medical expenses arising from the treatment of her "catastrophic" injuries. From this and other evidence adduced at trial, the trial court entered judgment for plaintiff, ordering the City to pay plaintiff's non-covered medical expenses "through the time of trial . . ." and ordering the City to pay "up to a maximum amount of $1,000,000 . . ." for plaintiff's future medical bills arising from the "catastrophic loss." This appeal followed. *Held*:

1. In its first enumeration of error, the City contends the trial court erred in entering judgment in favor of plaintiff, arguing that it neither violated 42 USCA § 1983 nor breached its employment contract with plaintiff. Pretermitting these issues, we find that the City's liability to plaintiff arose from the fiduciary relationship that existed between the parties at the time the City changed group insurance coverages.

(a) "In *Dawes Mining Co. v. Callahan*, 246 Ga. 531 (272 SE2d 267), the Supreme Court was confronted with an issue involving a group health insurance program wherein the employer changed coverage from the existing insurer to another insurance company. The new insurance had a provision prohibiting payment of medical expenses incurred as a result of a pre-existing illness until the policy had been in effect for a certain period of time. The employee's wife fell within that exclusion and the Supreme Court was faced with the resolution of the problem as to what duty the employer owed the employee. That Court in a detailed and exhaustive discussion of the problem involved found that the employer acted as an agent of the employee when changing a group policy insuring its employee and was 'under a duty to notify the employees of differences between the old and new policy and of any rights employees may have to continue the old insurance on an individual basis. We hold further that where this duty is breached, an employee can recover such damages as results from a difference in coverage.' The Supreme Court cited authority from other states wherein it was pointed out that while an employer had the right to terminate or modify a group health and accident policy it

has purchased for its employees that the employer was obligated to inform the insured employee of the termination or modification of the benefits under the policy. In short, that without reasonable notice to the employee, the employer could not cancel or modify a group policy so as to deprive the employee of rights under that policy." *Dinnan v. Totis*, 159 Ga. App. 352, 353 (1), 354 (283 SE2d 321).

In the case sub judice, the City not only failed to notify plaintiff of differences between the Sentry group insurance policy and the new group policy, plaintiff was not made aware of the change in group insurance policies until over a month after the Sentry policy had lapsed. Consequently, since the evidence authorized a finding that plaintiff was damaged as a result of the change in group insurance policies, the trial court did not err in awarding plaintiff damages that resulted because of the change in coverage. See *Calhoun v. Kut-Kwick Corp.*, 172 Ga. App. 511 (323 SE2d 699).

(b) Next, the City contends that "its decision in changing insurers was protected by government immunity. . . ."

OCGA § 36-33-1 (b) provides that "[m]unicipal corporations shall not be liable for failure to perform or for errors in performing their legislative or judicial powers. For neglect to perform or improper or unskillful performance of their ministerial duties, they shall be liable." The City argues that it is immune from liability because it was performing a governmental function in changing insurance companies. We do not agree.

The City's liability to plaintiff is not from its action of changing insurance carriers, it is based on its failure to give plaintiff reasonable notice that it intended to change group health insurance carriers. See *Dinnan v. Totis*, 159 Ga. App. 352, 353 (1), supra. We find that the duty to give such notice to government employees "is a perfunctory administrative duty not included under the category of government functions and not barred by any statutory immunity." *Smith v. City of Atlanta*, 167 Ga. App. 458, 461 (2), 462 (306 SE2d 720).

2. In its second enumeration of error, the City contends the trial court erred in failing to amend its findings of fact to reflect other pertinent evidence contained in the record. This enumeration of error is without merit. After considering the entire record, the trial court did not err in entering judgment for plaintiff.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 13, 1988 —
REHEARING DENIED JUNE 23, 1988 —

*Kran Riddle*, for appellant.

*Robert P. Killian*, for appellee.