A92A1154. JENKINS v. HOGAN et al.
A92A1353. HOGAN v. JENKINS.
(424 SE2d 898)

CARLEY, Presiding Judge.
While an at-will employee of appellee-defendant, appellant-plaintiff was provided medical insurance coverage pursuant to a group policy. When appellant was terminated from her employment, she was

removed from the group insurance coverage. Alleging that appellee had wrongfully failed to notify her of the expiration of her medical coverage, appellant initiated the instant action to recover the costs of medical expenses incurred by her. The jury returned a verdict in favor of appellee and, in Case No. A92A1154, appellant appeals from the judgment entered by the trial court on the jury's verdict. In Case No. A92A1353, appellee cross-appeals.

## Case No. A92A1154

1. The denial of appellant's motion for summary judgment is obviously moot, since the case already has been submitted to a jury. *White v. Lance H. Herndon, Inc.*, 203 Ga. App. 580 (1) (417 SE2d 383) (1992).

2. It is undisputed that appellee provided appellant with a policy booklet, which contained the relevant provisions regarding the expiration of her group coverage upon the termination of her employment and the right to covert, in that event, to a private policy. Compare *Woodman Co. v. Adair*, 164 Ga. App. 603 (294 SE2d 579) (1982). It is further undisputed that appellant could and did read the booklet, including those provisions regarding expiration and conversion. Compare *Dawes Mining Co. v. Callahan*, 246 Ga. 531, 535 (272 SE2d 267) (1980) (wherein the employee could not read and, "pursuant to instruction, signed the application for insurance without reading the new master policy"); *Calhoun v. Kut-Kwick Corp.*, 172 Ga. App. 511 (323 SE2d 699) (1984) (wherein the employee could not read).

Thereafter, appellee did not secure a new group policy providing different coverages. Compare *Dawes Mining Co. v. Callahan*, supra; *City of Brunswick v. Carney*, 187 Ga. App. 634, 635 (1) (371 SE2d 201) (1988). Accordingly, no duty on the part of appellee ever arose to apprise appellant of any *change* in coverage under the provisions of a *new* policy. Thereafter, appellee also did not *misrepresent* the terms and conditions of the existing group policy and *erroneously* inform her that her coverage hereunder would extend beyond the termination of her employment. Compare *Dawes Mining Co. v. Callahan*, supra; *Calhoun v. Kut-Kwick Corp.*, supra; *Woodman Co. v. Adair*, supra. Accordingly, appellee breached no duty to provide appellant with *truthful* information regarding the extent of her coverage under the group policy.

Predicated upon the above cited cases, however, appellant requested several charges relative to the duties owed by an employer to his employees with regard to group coverage. It was clearly not error to refuse to give these requested charges, since there was no evidence that appellee had ever breached any duty recognized in those cases. Under the evidence, if appellee breached any duty, it was in misrepre-

senting the date of the termination of appellant's employment, which was the event that triggered the expiration of her group coverage and her right to convert to a private policy. There is no enumeration of error addressing the sufficiency or accuracy of the trial court's instructions as to this duty. .

*Case No. A92A1353*

3. Appellee's cross-appeal is dismissed as moot. *Henderson v. County Bd. of Reg. & Elections*, 126 Ga. App. 280 (5) (190 SE2d 633) (1972).

*Judgment affirmed in Case No. A92A1154. Appeal dismissed in Case No. A92A1353. Pope and Johnson, JJ., concur.*

DECIDED NOVEMBER 17, 1992.

*Bonnie K. Cole, Cedric T. Leslie*, for Jenkins.
*Lovett & Hicks, L. Robert Lovett*, for Hogan.
*Kirkland A. McGhee*, for Blue Cross/Blue Shield.