A93A2574. A & P TRANSPORTATION, INC. v. DEAN et al.
(441 SE2d 818)

POPE, Chief Judge.

Following entry of final judgment, defendant appeals the trial court's grant of plaintiffs' motion for partial summary judgment and denial of defendant's cross-motion for summary judgment.

Viewing the evidence presented to the trial court in support of and in opposition to the parties' cross-motions for summary judgment in the light most favorable to defendant as the non-moving party on summary judgment, the record reveals plaintiff Bobby E. Dean was employed by defendant A & P Transportation in 1990 and, with the exception of a three-month leave of absence, has worked continuously for defendant. At the time he was hired by defendant, Dean did not participate in defendant's group health insurance. In February 1992, however, Dean applied for group insurance for himself and his family and the defendant began withholding a premium from his wages for such insurance. In April 1992, Dean's wife was hospitalized. When the Deans submitted her bills for payment, they were advised that Dean had no insurance coverage.

The undisputed evidence shows that defendant did not submit Dean's application for insurance coverage to its current group insurance provider at the time Dean made application for insurance because defendant anticipated changing insurers in the near future. Instead, defendant submitted Dean's application, along with information on other employees, to a prospective insurer. It was not until after Dean's wife was hospitalized that the prospective insurer to whom Dean's application had been submitted decided that it would not provide coverage to defendant's employees. No evidence was presented that Dean was told at the time he applied for insurance coverage that his application would only be submitted to a prospective insurer and not to his employer's current insurer.

The parties and the trial court agreed that our Supreme Court's decision in *Dawes Mining Co. v. Callahan*, 246 Ga. 531 (272 SE2d 267) (1980) controls this case. In *Dawes Mining*, the Supreme Court discussed certain duties an employer owes his employee regarding group insurance available through the employer. In that case the employer had changed group carriers without notifying its employees

that the new insurance policy contained a provision which prohibited payment of medical expenses incurred as the result of a pre-existing condition until the policy had been in effect for a certain period of time. Id. at 532. Our Supreme Court held "that when changing a group policy insuring contributing employees and obtaining the applications of those employees, the employer acts as an agent of the employees [cits.], and as such is under a duty to notify the employees of differences between the old and new policies and of any rights the employees may have to continue the old insurance on an individual basis. We hold further that where this duty is breached, an employee can recover such damages as result from the difference in coverage." Id. at 535-536.

Although this case is somewhat factually different from *Dawes Mining*, the same analysis of duty and breach are applicable in this case. When an employee makes application for group health insurance coverage and the employer begins deducting premiums from the employee's salary for that purpose the employer has a duty to use reasonable efforts to obtain health care coverage for that employee as soon as possible. Furthermore, the employer has a duty to notify the employee if his application for insurance will be treated differently than other employees. See generally *City of Brunswick v. Carney*, 187 Ga. App. 634 (1) (a) (371 SE2d 201) (1988). Under the facts of this case, we hold that the trial court correctly found that the employer's decision to submit Dean's application only to a prospective insurer and not also to the current provider of group insurance for defendant's other employees constitutes a breach of that duty. See generally *Woodman Co. v. Adair*, 164 Ga. App. 603 (294 SE2d 579) (1982) (holding the employer breached the duty owed to its employee by erroneously advising the employee he would continue to have coverage for 30 days following his termination of employment under the employer's group policy); *Dinnan v. Totis*, 159 Ga. App. 352 (283 SE2d 321) (1981) (holding that the employer breached a duty to its employees by allowing their insurance coverage to lapse without giving them reasonable notification of the lapse).

In reaching our decision we are mindful that the current insurer for the defendant was not obligated to provide coverage to Dean and may have refused him coverage. However, it cannot be said that submitting Dean's application to the current insurer would have been futile because that insurer had an ongoing contractual relationship with defendant and other employees of defendant and may have, for that reason, given more favorable consideration to Dean's application. The prospective insurer, on the other hand, had no contractual obligation or existing relationship with the defendant or any of defendant's employees.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

Decided March 9, 1994.

*Patton & Price, C. Ronald Patton,* for appellant.
*McCamy, Phillips, Tuggle & Fordham, Stephen A. Williams,* for appellees.